NEW-YORK,
May, 1830.

Anon.

the nature of the action, and the forms of proceeding peculiar to it, and from the common opinion that the supreme court alone had jurisdiction of such suits, we concur with the court below in saying that the common pleas had not jurisdiction of a writ of right, and therefore deny the motion for a mandamus.

---

JACKSON, ex dem. Pioneer and others, *vs.* SCHAUBER and others.

Where judgments rendered by this court have been reversed in the court of errors with costs, and *venires de novo* awarded, the proceedings of the plaintiff will be stayed until the payment of the costs in error.

ORDER to stay proceedings till costs in error be paid. There were 12 actions of ejectment; two were tried, and verdicts rendered for the plaintiff, and there was an agreement that three of the other causes should abide the event of the two tried. Cases were made, and judgments rendered by this court for the plaintiff; which judgments were subsequently reversed in the court for the correction of errors, *venires de novo* awarded, and costs ordered to be paid by the defendant in error. After several ineffectual attempts to obtain attachments against the lessors of the plaintiff for the costs in error, the defendants applied at this term for a rule staying the proceedings of the plaintiff until the costs in error be paid; which rule was granted in the two causes tried and in the three which, by agreement, were to abide the event of the others, but as to the remaining seven causes the motion was denied.

---

ANON.

Where a party is entitled to *treble* damages and to *treble* costs, he must apply to the court for them.

WHERE a party is entitled to *treble* damages and to *treble* costs, they can be obtained only by motion to the court.