ELLA E. ROACH, Respondent, *v.* WILLIAM H. CURTIS and HOWARD K. BROWN, Appellants.

(County Court, Onondaga County, March, 1906.)

Sales — Conditional sales — Retaking on default — Recovery of price paid.

Former adjudication — What matters are concluded — Matters not in issue: Pleading and evidence — Burden of proving judgment conclusive.

The provision of the Lien Law (L. 1897, ch. 418, section 116, as amended L. 1900, ch. 762), enabling a delinquent vendee to redeem when he is in default in performing the terms of a conditional sale should be liberally construed and it is doubtful if the right given by law can be taken away by any action of the courts without the affirmative action of the vendee.

An action by the vendee in a conditional sale to recover from the vendor the amount the former has paid under the contract of sale upon the articles sold which were, upon the vendee's default, retaken by the vendor and retained by him for thirty days is not barred because such retaking was accomplished by an action

brought by the vendor to recover possession of the articles sold in which the vendee suffered judgment by default. The judgment establishes the contract and the vendee's default but is not inconsistent with the fact of the vendee's payment, the retaking by the vendor and the violation of section 116 of the Lien Law.

Whether a defendant can plead and prove a counterclaim for money or other chattels in an action to recover the possession of specific chattels doubted.

THIS is an appeal from a judgment of forty-six dollars, damages and costs, in favor of the plaintiff, rendered by the Municipal Court of the city of Syracuse, upon the verdict of a jury.

Hopkins & Howlett, for appellants.

White & Ryan, for respondent.

Ross, J.   This action is based on section 116 of the Lien Law.   Laws 1897, chapter 418, reads as follows:  "Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property.   After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction."

By chapter 762 of the Laws of 1900, section 116 was amended by adding thereto the following provision:  "Unless such articles are so sold within thirty days after the expiration of such period, the vendee, or his successor in interest, may recover of the vendor the amount paid on such articles by such vendee, or his successor in interest, under the contract for the conditional sale thereof."

On January 23, 1903, a written contract was entered into by the defendant's predecessors, as vendors, and the plaintiff,

as vendee, by the terms of which certain articles of personal property of the agreed price of $148 were sold and delivered to the vendee, who was to pay the purchase price thereof in installments of ten dollars per month.  The title to the property remained in the vendors until paid in full, and the vendee was entitled to possession until default.  Under this contract the plaintiff had paid the sum of $94.  A recovery was had for such amount, less certain counterclaims pleaded by defendants and allowed, being the amount of costs recovered by defendants against plaintiff in the action in the Supreme Court and the purchase price of certain chattels not found by the sheriff.

It is assumed upon this appeal that the defendants, the vendors, did not comply with the provisions of the law in question.  The only matter which I consider is the effect of a judgment recovered by the defendants against the plaintiff, to which reference is now made.

On January 10, 1905, the vendors (the defendants) began an action in the Supreme Court against the vendee (the plaintiff) to recover possession of the same articles described in the aforesaid bill of sale.  The vendors (the plaintiffs in that action) alleged ownership and right of possession.  The vendee (the defendant in that action) allowed judgment to be taken against her by default, and I assume that such a judgment is equally conclusive as if there had been a litigation and a verdict.  Freeman on Judgments, § 330.  The plaintiffs in that action submitted proofs to the court, findings were made and a judgment was entered wherein it was adjudged that the plaintiffs therein (the defendants herein) are the owners of the personal property and entitled to the immediate possession thereof, and the usual provision in judgments in replevin in the alternative that if possession cannot be had the plaintiffs were entitled to judgment for the value thereof, together with thirty-one dollars and fifty cents costs.  Subsequently an execution was issued upon said judgment and such articles as the sheriff was able to find were delivered to the plaintiffs (in that action).

It is claimed by the defendants appellants that such judgment is conclusive of the rights of the parties, and that such

judgment is inconsistent and at variance with the claim made by the plaintiff; that the adjudication of ownership is inconsistent with a title which was merely held as security and liable to be defeated by the payment of the balance of the purchase price; that the defendant in the first action should have asserted her rights and had a judgment in accordance therewith; that there was no retaking within the meaning of the statute but an original taking by the sheriff pursuant to a valid judgment; that the defendants are not liable for any acts or failure to act in relation to their own property. It is claimed by the plaintiff respondent that the aforesaid judgment is consistent with her present claim; that, at the time it was obtained, the plaintiffs (now defendants) were the owners and were by reason of the vendee's default entitled to possession; that the plaintiff's present cause of action had not at that time arisen and could not, in fact, arise until the defendants had taken possession of the property and failed to comply with the provisions of the Acts of 1897 and 1900 herein invoked.

A judgment is conclusive between the parties as to matters substantially and directly decided. It was stated by Mr. Judge Coleridge in the case of Queen v. Inhabitants of Hartington, 4 El. & Bl. 781, 794: " Concludes, not merely as to the point actually decided, but as to a matter which it was necessary to decide, and which was actually decided, as the ground work of the decision itself, though not then directly the point at issue." This rule has been somewhat limited. See Res Judicata by Hukm Chand, § 31; Woodgate v. Fleet, 44 N. Y. 1; Stannard v. Hubbell, 123 id. 520. It being stated by Mr. Judge Andrews on page 529: " Only material, relevant and necessary facts decided in a former action are conclusively determined thereby."

The conclusiveness of a judgment is not affected because the court was mistaken in the facts or drew a wrong conclusion of law. This may occur in all cases of estoppels, but the ends of justice and equity are best served by holding strictly to the rule. See Hartington case, *supra,* 792, 793.

Applying the foregoing rule in the Hartington case, do the judgments in the two cases between these parties rest upon

County Court, Onondaga County, March, 1906.      [Vol. 50.

the same foundations? To enable the plaintiff to recover in this case she had to establish:

*First.* The contract.

*Second.* Her default.

*Third.* That she made payments.

*Fourth.* A retaking by the defendants.

*Fifth.* The violations of the provisions of section 116 of the Lien Law.

None of these elements were necessarily established by the judgment in the Supreme Court. But, assuming that that action was based upon a violation on the part of the plaintiff of the contract, that judgment only determined the existence of the contract and her default, in other words, two elements which are essential to her recovery here. The remaining three elements essential to recovery, namely, that she had made payments; the retaking by the defendants and the violation of the provisions of the Lien Law, were not necessarily comprehended in the judgment in the Supreme Court; and, in fact, the last two elements, namely, retaking and the violation of the provisions of the Lien Law, could not be comprehended in that judgment because they had not arisen and could not arise until there was a retaking.

The parties started with their rights defined under the contract of January, 1903. The judgment which the defendants recovered in the Supreme Court action could have been obtained by reason of the failure of the plaintiff to make payment pursuant to the terms of the contract. In other words, there is no affirmative evidence that the court has terminated the right the vendee had to redeem; and it seems to me that the burden is upon the defendants in this action to show that the issues herein were embraced within the findings of the court in the previous action. Lewis v. O. N. & P. Co., 125 N. Y. 341, 348.

The purpose of the provisions of the Lien Law under consideration is to enable a delinquent vendee to redeem, notwithstanding default; and it may be doubted whether, without affirmative action upon his part, as a new agreement, he can be deprived of such right, by any action of the courts based solely upon a default; if so the statute can be rendered

futile.   The ordinary canons of construction require a liberal interpretation of a statute of this character, a construction which will give it life rather than one which will cause its provisions to be meaningless.   When the statute uses the word "retaken," to indicate that the vendor has acquired possession of the chattels sold, there is no reason why such word should have one meaning, if the chattels are seized by virtue of legal process, and another, if taken without the aid of the courts.   The protection of the statute is based upon the "retaking," not upon the method employed to obtain possession.

The defendants claim that the plaintiff should have appeared in the replevin action and asserted her rights.   Apart from the question of power, the right of the defendant to plead and prove a counterclaim in an action to recover a chattel is extremely doubtful.   Replevin is a possessory action only and, in the nature of things, a claim for money or for other chattels cannot be counter to the plaintiff's claim, and a court of equity will very rarely interfere in an action concerning the right to possession of chattels.   Pomeroy's Rights and Remedies, § 767.   And, even in the rare cases in which an equitable defense is allowed, it must go to the question of possession.   Those cases in which a judgment in favor of a plaintiff having a lien is limited to the amount of such lien do not present a counterclaim.

Judgment affirmed, with costs.