(156 App. Div. 58.)

HACKETT v. STRUMPF et al.

(Supreme Court, Appellate Division, Second Department.   March 28, 1913.)

1. PLEADING (§ 203*)—GROUNDS OF DEMURRER—WANT OF JURISDICTION.

    A complaint which on its face set forth facts indicating that the court had no jurisdiction of a cause of action did not state facts sufficient to constitute a cause of action, and a demurrer on that ground should have been sustained.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 482–484; Dec. Dig. § 203.*]

2. PLEADING (§ 235*)—AMENDMENT—JURISDICTION OF COURT.

    Where the complaint in an action in the County Court sought to recover more than $2,000, that court did not have jurisdiction even to grant an order allowing the service of an amended complaint.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 600; Dec. Dig. § 235.*]

Appeal from Kings County Court.

Action by Grace M. Hackett against Edward Strumpf and another. From so much of an interlocutory judgment as overruled one of the grounds of demurrer to the complaint, with costs, directed that such costs be offset against the costs allowed defendant upon sustaining another ground of demurrer, and authorized plaintiff to serve an amended complaint without payment of costs, the defendant named appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Philip F. Rosenberg, of Brooklyn, for appellant.

HIRSCHBERG, J.   The action is brought to recover damages for an assault upon the plaintiff, committed by the defendant Edward Strumpf, while the latter was engaged in the employment of the defendant with whom he is impleaded. The action is brought in the County Court of the county of Kings; the complaint alleging that the damages occasioned by the assault amount to the sum of $2,500, for which amount judgment is demanded. But one cause of action is set up in the complaint. The defendant Strumpf demurred to the complaint on two grounds: First, that it does not state facts sufficient to constitute a cause of action; and, second, that it appears on the face of the complaint that the court has no jurisdiction of the cause of action.

On the trial of the issue of law thus raised, the court overruled the demurrer as to the first ground, with costs to the plaintiff, and sustained the demurrer and dismissed the complaint, with costs in favor of the defendant Strumpf on the second ground; the County Court having no jurisdiction of an action brought to recover an amount in excess of $2,000. Code of Civil Procedure, § 340, subd. 3. An interlocutory judgment was rendered, offsetting the costs and dismissing the complaint, but with leave to the plaintiff to serve an amended complaint within 20 days, without payment of costs. The appeal taken is

from so much of the interlocutory judgment as overrules the demurrer as to the first ground, and as to so much of the said interlocutory judgment as provides for the offsetting of the costs allowed, and permitting the service of an amended complaint without the payment of costs.

It seems obvious that the learned court has been erroneously influenced by the line of authorities which hold that, where two separate causes of action are set forth in a complaint and demurred to, costs may be allowed to both parties and offset, where the demurrer is held good as to one cause of action, but overruled as to the other. See Hollingshead v. Woodward, 35 Hun, 411, Tallman v. Bernhard, 75 Hun, 30, 27 N. Y. Supp. 6, and Doyle v. Douglas Shoe Co., 92 App. Div. 614, 87 N. Y. Supp. 1133.

[1, 2] I think the court was wrong even in holding that the complaint did state facts sufficient to constitute a cause of action. It would seem that a complaint which on its face sets forth facts indicating that the court has no jurisdiction of the cause of action is demurrable by analogy to the reasoning in Irving v. Rees, 146 App. Div. 703, 131 N. Y. Supp. 523, and Prankard v. Cooley, 147 App. Div. 145, 135 N. Y. Supp. 289. In any event, however, it is quite clear that the interlocutory judgment is erroneous, in so far as it is appealed from, because aside from the question of allowing an amendment of the complaint without imposing costs upon the plaintiff as a condition thereof, it may fairly be assumed that, where the court has no jurisdiction whatever of the cause of action, it cannot even grant an order allowing the service of an amended complaint.

It follows that the interlocutory judgment, in so far as appealed from, should be reversed, with costs. All concur.