ROBERT LIBOW and Another, Respondents, *v.* " SAMUEL " LAUER, etc., and Another, etc., Doing Business under the Firm Name and Style of S. L. S. CLOAK Co., Appellants.

Supreme Court, Appellate Term, First Department, June 24, 1925.

Jurisdiction — Municipal Court of City of New York — complaint in replevin stated value of chattels in excess of jurisdictional amount under Municipal Court Code, § 6, subd. 2 — court had no power to permit plaintiff to amend complaint to bring amount within jurisdiction.

The Municipal Court of the City of New York has no power to permit a plaintiff in an action for replevin to amend the complaint in which the value of the chattels was stated to be an amount in excess of the jurisdiction of the court as specified in subdivision 2 of section 6 of the Municipal Court Code, so as to bring the amount within the jurisdiction of the court.

APPEAL by defendants from an order of the Municipal Court, Borough of Manhattan, Ninth District, denying defendants' motion to dismiss the complaint and to vacate a writ of replevin, and granting plaintiffs' motion for leave to amend the complaint.

*Morris E. Levine* [*Irving I. Hartman* of counsel], for the appellants.

*Max Shlivek* [*Gustave Menit* of counsel], for the respondents.

PER CURIAM:

The plaintiffs sued in replevin, and in their complaint fixed the value of the chattels as $1,031.98. The defendants moved for a dismissal of the complaint, and a vacation of the writ, upon the ground that as the stated aggregate value of the chattels was in excess of $1,000 the Municipal Court was without jurisdiction. (Mun. Ct. Code, § 6, subd. 2.) The plaintiffs thereupon moved for leave to amend their complaint by reducing the stated value of the chattels to the sum of $807.37. An order was made denying the defendants' motion and granting the plaintiffs' motion. It seems to us to be clear, both upon principle and authority ( *Kessler* v. *Zucker*, 202 N. Y. Supp. 770, that the court was without jurisdiction and, therefore, that the defendants' motion should have been granted, and that the plaintiffs' motion should have been denied. As the court never acquired jurisdiction it was without

power to order an amendment designed to give it jurisdiction. (*Halpern* v. *Langrock Bros. Co.*, 169 App. Div. 464.)

Appeal from so much of the order as denies defendants' motion to dismiss the complaint dismissed, and so much of the order as denies defendants' motion to vacate the writ of replevin and grants plaintiffs' motion for leave to amend is reversed, with ten dollars costs; defendants' motion to vacate writ granted, with ten dollars costs, and plaintiffs' motion denied.

All concur; present, BIJUR, MULLAN and PROSKAUER, JJ.