MARY L. ALLOWAY, Appellant, *v.* WILLIAM HICKOK and Others, Respondents.

Second Department, December 23, 1925.

**Damages — increased damages — action to recover damages for unlawful and willful injury to personal property — plaintiff has right, under Penal Law, § 1433, subd. 3, to judgment for treble amount of verdict.**

In an action to recover damages for unlawful and willful injury to personal property, the plaintiff has the right, under subdivision 3 of section 1433 of the Penal Law, to a judgment for treble the amount of actual damages found by the jury.

APPEAL by the plaintiff, Mary L. Alloway, from an order of the Supreme Court, made at the Orange Trial Term and entered in the office of the clerk of the county of Orange on the 16th day of June, 1924, denying plaintiff's motion to treble the verdict of the jury in an action to recover damages for unlawful and willful injury to plaintiff's personal property, and also from a judgment entered in said clerk's office on the same day upon the verdict of a jury in favor of the plaintiff in the sum of $600, in so far as it adjudges that plaintiff is entitled only to the sum thereby awarded.

*Watts, Oakes & Bright,* for the appellant.

*John F. Halstead* [*Philip A. Rorty* and *Charles C. Coleman* with him on the brief], for the respondents.

PER CURIAM. The action was to recover damages for unlawful and willful injury to plaintiff's personal property. The complaint demanded judgment for treble damages pursuant to Penal Law, section 1433, subdivision 3. The evidence clearly brought the case within the provisions of the statute cited. The learned trial justice left it to the jury to assess the actual damage sustained by the plaintiff. This was the proper procedure. (Civ. Prac. Act, § 435.) The jury assessed such actual damage at $600. The Civil Practice Act directs that judgment shall be entered for the increased damage given by the Penal Law. But the learned justice denied plaintiff's application that judgment be directed for the treble damages. We think that plaintiff had a right under the statute to enter judgment for treble damages. (*Layton* v. *McConnell*, 61 App. Div. 447.)

The order denying plaintiff's motion to treble damages found by the jury should be reversed upon the law and the facts and the motion granted. The judgment appealed from should be modified so as to award treble damages to the plaintiff and as so modified said judgment should be affirmed, with costs to appellant.

KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ., concur.

Order denying plaintiff's motion to treble damages found by the jury, reversed upon the law and the facts, and motion granted. The judgment appealed from is modified so as to award treble damages to the plaintiff, and as so modified affirmed, with costs to appellant.