BERNARD GIGLOTTI, Plaintiff, v. JOHN HAWKINS, Defendant.

County Court, Oneida County, March 29, 1927.

County Court — jurisdiction — action in replevin — complaint sufficient though demand for judgment exceeds amount stated in Civil Practice Act, § 67, subd. 3 — reply to counterclaim, by which plaintiff increased his demand, does not oust court of jurisdiction — counterclaim on contract is proper.

In an action in the County Court for replevin, a complaint which states the aggregate value of the chattels to be $900, is not rendered insufficient, under subdivision 3 of section 67 of the Civil Practice Act, by a demand for judgment establishing their value at $1,000, together with $100 damages for detention.

The fact that the plaintiff, in his reply to defendant's counterclaim, increased the amount of his demand for judgment, does not oust the court of jurisdiction.

In an action in replevin a counterclaim on contract is properly pleaded.

MOTION upon the pleadings to dismiss action in replevin on the ground that the court has no jurisdiction.

*Thomas J. McNamara,* for the plaintiff.

*E. A. Wolff,* for the defendant.

HAZARD, J. The action is in replevin. The plaintiff, claiming to be the owner of certain live stock and farming tools now in the possession of defendant, brings the action to recover their possession. In his complaint he alleges that the value of certain cattle is $700; of a horse $100; of farming tools $100; and he claims to have been damaged by the retention of these chattels by the defendant in the sum of $100. The trouble arises in the prayer for judgment in which, although in the body of his complaint he has stated the aggregate value of the chattels to be $900, he demands judgment establishing their value at $1,000, together with $100 damages for detention. This motion is made upon the ground that under section 67, paragraph 3, of the Civil Practice Act the jurisdiction of this court only extends to a replevin case where " the aggregate value of which does not exceed one thousand dollars with or without damages for the taking or detention thereof."

It has been held that in an action in this court where the complaint demands judgment for more than the jurisdictional limit, and where the summons and complaint are served together, the court does not acquire jurisdiction. (*Halpern* v. *Langrock Bros. Co.,* 169 App. Div. 464; *Heffron* v. *Jennings,* 66 id. 443.)

The same rule is also applied in other courts of limited jurisdiction. (*Kessler* v. *Zucker,* 202 N. Y. Supp. 770.)

And it is held that jurisdiction cannot be obtained in such

a case by amending the complaint so as to reduce plaintiff's claim to within the jurisdictional limit. (*Libow* v. *Lauer*, 125 Misc. 259; *Hackett* v. *Strumpf*, 156 App. Div. 58; *Mansson* v. *Nostrand*, 183 id. 371.)

What is probably the leading case upon this subject in this State is *Howard Iron Works* v. *Buffalo Elevating Co.* (176 N. Y. 1), a case in which it was decided that if the County Court had jurisdiction, it was not divested of jurisdiction in case a counterclaim greatly in excess of the County Court's jurisdiction was interposed. The court said (p. 6): "The power of the court to render the proper judgment is not limited by the amount of the counterclaim, when jurisdiction of the action is once obtained, *but the amount demanded in the prayer of the complaint is the sole test upon that question.*" The italics above are my own. If we are to take the pronouncement of the Court of Appeals literally, it would be necessary to decide this motion against the plaintiff; but after mature deliberation I am convinced that the language quoted and italicized should not be held controlling in this case. No such question as is involved here was before the Court of Appeals; and what was doubtless intended to be decided was that the amount of the demand as set forth in the complaint, that is, the amount sued for, is what governs in a case like this.

A complaint always consists of, *first*, a statement setting forth one or more causes of action, and, *secondly*, a prayer for judgment. The latter should be consonant with the former, but in this case, through some inadvertence, the plaintiff's prayer for judgment exceeds the cause of action which he has set up in his complaint by $100. Obviously, the demand for judgment herein contains an error. There is no basis in the body of the complaint for such a demand. It is an inadvertence. Waiving for the moment the question of jurisdiction, if the case were tried out upon the present complaint, I think it very clear that the court would have to charge the jury that it could only award the plaintiff $1,000. There would be no basis whatever for any greater award. Beyond all argument, the action is to recover $1,000, and no more. Had the typist inadvertently made a prayer for judgment of $1,000,000, it could not be said that the suit was brought to recover that amount. The real amount sued for is the aggregate of the causes of action or the items set forth in the body of the complaint; and measured by that rule, the plaintiff is within the jurisdiction of this court.

I am not unaware that the converse of this proposition might not be true; that is, if the cause of action set forth in the body of the complaint aggregated an amount in excess of $1,000 and the prayer

for judgment was for just $1,000, the latter might operate as a limitation in the nature of a waiver of the excess; a thing which the plaintiff might undoubtedly do, and I think could do effectually in that manner; a fact which by no means proves that he can increase the amount of his demand by asking in his prayer for judgment a greater amount than he has made out a case for in the body of his complaint.

I am unable to find any authorities exactly in point herein, and none are cited to me; but the case of *Gigliotti* v. *Jacksina* (206 App. Div. 368), a case arising in this department, and which in fact went through this court, is somewhat in point. The Appellate Division said (at p. 370): " What plaintiff actually claims is to be determined partly from his complaint, partly from his proof, but eventually from his demand for judgment when he submits his cause to the court or jury for determination. *He is not concluded, therefore, by a mere casual or inadvertent statement in his demand for judgment in the complaint of an amount in excess of jurisdiction.*" The case of *Hamburger* v. *Hellman* (103 App. Div. 263) holds that an improper demand for interest, that is, a demand for interest to which the plaintiff was not entitled, did not oust the Municipal Court of New York of jurisdiction. The case of *McVey* v. *Security Mutual Life Insurance Company* (118 App. Div. 466) is somewhat in point, at least to the extent of pointing out that " the prayer for relief forms no part of the cause of action."

I, therefore, feel compelled to decide that the plaintiff has brought this action for an amount stated in his complaint as within the limit of the jurisdiction of this court, and is not out of court because inadvertently his prayer for judgment is too large by $100.

The defendant in his answer set up a counterclaim to which the plaintiff made a reply, in the course of which he seems to have added to his difficulties by increasing the amount of his demand of $1,000 by an additional $1,050. Defendant claims plaintiff cannot possibly recover a total of $2,050 in a replevin action in the County Court, and makes that claim the basis of the second reason for his motion. I think the matter is disposed of by the case of *Howard Iron Works* v. *Buffalo Elevating Co.* (176 N. Y. 1). It would seem to me that, the court having secured jurisdiction of the action by reason of the amount sued for in the plaintiff's complaint, would not be divested of that jurisdiction because, in answer or reply to some counterclaim set up in defendant's answer, the plaintiff had attempted to offset that counterclaim by some other or further and additional claims.

But the plaintiff urges that the counterclaim herein is not regular; and that no counterclaim is permissible in a replevin action which is an action in tort, at least no counterclaim which has its foundation in contract; and he cites *Bernheimer* v. *Hartmayer* (50 App. Div. 316); *Roach* v. *Curtis* (50 Misc. 122, 127); *Scognamillo* v. *Passarelli* (157 App. Div. 428), and in effect asks or at least suggests that both the counterclaim and the reply be stricken out. As the case will shortly come before the court for trial, it is best to consider this claim. It is true that there are some cases, including those cited above, in which the courts seem to have gone out of their way to kill off counterclaims in replevin actions; but the case last above cited was reversed in the Court of Appeals (see 210 N. Y. 550); and the reversal was upon the dissenting opinion in the Appellate Division, so that I am compelled to believe upon that authority that the counterclaim herein is properly pleaded; and that it and the reply thereto should stand. This ruling is in conformity with *Carpenter* v. *Manhattan Life Insurance Co.* (93 N. Y. 552) and *Cooper* v. *Kipp* (52 App. Div. 250).

It will, therefore, follow that the motion of the plaintiff, as well as that of the defendant, will be denied, in both instances, without costs.