HARLOW E. KELSEY, Appellant, v. CLIFFORD ELLIS, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The County Court has jurisdiction of an action for assault where the complaint demands damages not exceeding the sum of $3,000. (Civ. Prac. Act, § 67, subd. 3.) There is no rule or statute entitling the plaintiff in an assault action to treble damages. Plaintiff may be entitled to punitive damages. (*Voltz* v. *Blackmar*, 64 N. Y. 440, 444.) In paragraph 5 of the complaint the plaintiff alleges that he " has been damaged in the sum of Three Thousand ($3,000) Dollars." The fact that he asked that the damages be trebled in his prayer for relief does not increase the amount. Where a party is entitled to treble damages, they can be obtained only by motion to the court after the verdict has been rendered. (*Anon.*, 4 Wend. 216; *Alloway* v. *Hickok*, 215 App. Div. 86; affd., 243 N. Y. 615.) We think the case of *Pharis* v. *Gere* (31 Hun, 443), a trespass action, requires a reversal of the judgment appealed from. At page 445 the court said in that case: " The fact that the first count alleged that the defendant had become liable to pay treble damages, did not enlarge the claim for damages made at the conclusion of that count and at the conclusion of the complaint. The plaintiff having limited his claim for damages to the sum of $3,000, could not take judgment for any greater sum, either as single or treble damages." In the *Pharis Case* the plaintiff alleged in the first count of the complaint that the defendant became liable to pay treble the amount of the damages. In the instant case the plaintiff asks in the prayer for relief that the damages be trebled. The rule laid down in that case applies as well to the prayer for relief in the instant

---

* See Workmen's Comp. Law, § 3, subd. 2, as amd. by Laws of 1935, chap. 254; Id. art. 4-A, added by Laws of 1936, chap. 887.— [REP.

case. The County Court should have permitted the jury to assess the damages and then denied a motion to treble them. An inadvertent demand in the prayer for relief may be disregarded. (See *Giglotti* v. *Hawkins*, 129 Misc. 180.) All concur, except Cunningham, J., not voting. (The judgment dismisses the complaint in a civil action for assault.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.