EARL C. ADAMS, Respondent, v. GEORGE J. MOON, Individually and as Executor of C. L. BRADBURN, Deceased, Defendant, and ALBERT ANDERSON, Appellant.

County Court, Chautauqua County, January 30, 1947.

*John M. Barrett* for appellant.
*Samuel S. Edson* for respondent.

BODINE, J. It is not questioned that the plaintiff can maintain this action under section 91 of the Justice Court Act (L. 1920, ch. 937), applicable here with reference to the City Court Act, provided the judgment of November 16, 1945, in the replevin action was not rendered against plaintiff " upon the merits." There may be technical merit to appellant's contention that section 1090 of the Civil Practice Act (identical in its terms with Justice Ct. Act, § 91) governs in relation to section 30 of the Jamestown City Court Act (L. 1923, ch. 666) and that, therefore, the action should be laid in a court of record. I think, however, that all of the proceedings and actions, having been instituted in the lower court, should be continued and ultimately decided there.

The sole point at issue then, is whether the judgment rendered November 16, 1945, on plaintiff's default in replevin proceedings brought by him, in favor of the defendant was on the merits as contemplated in the section referred to.

An intensive search has disclosed no case in the State appearing to be decisive of the question involved and none has been called to my attention.

The judgment of November 16, 1945, awarded possession of the property involved to defendant Anderson and dismissed the complaint, with costs to both defendants. There was no evidence given on the merits of the issues raised by the pleadings. Those issues· concern the validity of the sale of the property under the Lien Law and so far as the proceeding under that law is concerned, the validity of the claim for storage advanced by Moon.

It seems to me that if section 91 of the Justice Court Act, or its companion, section 1090 of the Civil Practice Act, are construed as appellant Anderson contends, they might as well have remained unenacted. No illustration comes to mind where the provision saving to the unsuccessful plaintiff in replevin an action for damages for taking and retention could be availed of, if we are to hold that mere dismissal of the complaint and awarding possession to the defendant is to be considered as on the merits within the purview of those sections. The sections must have some meaning and effect and I am disposed to find that they were intended to cover such a case as is presented here. In order to give these provisions meaning we must, in effect, hold that where, for any reason, a plaintiff in replevin suffers a dismissal of his proceeding and loss of possession in the absence of any litigation of the issues raised by the pleadings,

the judgment awarding possession of the chattel to defendant is decisive only on the question of the bare right to possession and saves for determination in a future action any damages suffered by plaintiff in case the original taking of possession was unlawful or unjustified.

If, as has been held, replevin is a possessory action only (*Roach* v. *Curtis*, 50 Misc. 122) the only element decided by the dismissal of the complaint was simply that plaintiff having failed to appear and litigate, the possession of the defendants should remain undisturbed, I cannot conclude there was a decision on the merits within the meaning of the section on which plaintiff now bases his claim. The situation is entirely different from that in *Angel* v. *Hollister* (38 N. Y. 378) cited by appellant for there the question of title had been litigated.

In arriving at this conclusion I am not unmindful of the general rules pertaining to the conclusiveness of judgments as, for example, so succinctly stated in *Roach* v. *Curtis* (*supra*). In that case, however, it was held, in construing the effect of a section of the Lien Law, that it may be doubted whether without affirmative action on the vendee's part he can be deprived of his right to redeem by any action of the courts based solely upon a default. " If so ", as the court stated (pp. 126–127), " the statute can be rendered futile. The ordinary canons of construction require a liberal interpretation of a statute of this character, a construction which will give it life rather than one which will cause its provisions to be meaningless."

These considerations appear to me to be decisive here. If under the statute the mere awarding possession of a replevined chattel to a defendant on plaintiff's default in prosecution is a decision on the merits the statute is rendered " futile " and " meaningless." As against the general rule of *res judicata* the statute must prevail.

The order appealed from is affirmed, without costs.