Irving Younger, J.
This otherwise unremarkable Small Claims case raises a troublesome issue encountered from time to time in actions to recover overcharges of rent.
In February, 1967, plaintiff and her mother moved into an apartment at 215 West 101 Street, Manhattan. They had no written lease. The gist of their tenancy was that they paid $170 as rent each month to a Mr. William Block. More than one year later, plaintiff learned from the Rent and Rehabilitation Administration that the maximum permissible rent for the apartment was $165.50 per month. She took the matter up with Mr. Block, with whom there followed a series of quarrels not to the point here. Throughout this period, Mr. Block insisted that plaintiff continue to pay rent at the higher rate. She did. Finally, in November, 1968, after saying that he had discussed his decision with his lawyer, Mr. Block agreed to accept $165.50 per month, and that is the sum plaintiff has since paid. For the 21 months between February, 1967, and October, 1968, she had paid $170 per month.
In May, 1969, plaintiff obtained from the Rent and Rehabilitation Administration a written notice stating that the maximum rent on her apartment was $165.50, and that the “mailing address of landlord” was “Mr. Block, 215 West 101 Street.” On September 16, 1969, she commenced this action for the 21 monthly overpayments of $4.50 each, or a total of $94.50.
It goes without saying that plaintiff’s claim is governed by a two-year Statute of Limitations. (N. Y. City Rent and Rehabilitation Law; Administrative Code of City of New York, § Y51-11.0, subd. e.) The only overcharges subject to question, then, are those paid in the two years preceding the commencement of this action in September, 1969. There are 13 *128 such overcharges — those for the months from October, 1967, through October, 1968 — totaling $58.50. Plaintiff’s claim is perforce reduced to that amount.
And so we come to the. issue at the heart of this case.
Up to the night of trial, plaintiff understood Mr. Block to be her landlord. He collected her rent each month. When a dispute arose as to what was the maximum rent, it was Mr. Block with whom plaintiff argued. The notice sent plaintiff by the Bent and Behabilitation Administration states that the landlord is Mr. Block. She named him as the defendant in this action.
At trial, defendant’s attorney showed, through cross-examination of plaintiff, that her rent payments, although delivered to Mr. Block, were in fact elicited by bills bearing the name, ‘ ‘ Superior Apartments, Inc. ’ ’ On the occasions when she paid the rent by check, plaintiff wrote the check to the order of Superior Apartments, Inc., and handed it to Mr. Block. Plaintiff stated, and I credit her testimony, that she made the checks payable to the order of Superior Apartments, Inc., because the rent bills bore that name, but that so far as she knew Mr. Block was her landlord.
There the record rests. The truth — hardly obscure and indeed implicit in this testimony — is that title to the building is in the corporation, that Mr. Block is the manager or agent, and that Mr. Block is a principal in the corporation.
The statute permits a tenant to seek recovery of rent overcharges from the “landlord who receives rent ” from him. (N. Y. City Rent and Rehabilitation Law; Administrative Code of City of New York, § Y51-11.0, subd. e.) The notice from the Bent and Behabilitation Administration, received in evidence without objection from the landlord, names Mr. Block as the landlord and, at least arguably, would support a finding that he is the landlord within the meaning of the statute. I am reluctant to make such a finding, however, for I am convinced that Superior Apartments, Inc., is the landlord and Mr. Block its agent. (Cf. Hendricks v. Fuller, 12 A D 2d 937.)
How often must it happen, as here, that a corporate landlord acts through an agent, and that, in consequence, a tenant is led to believe that the agent is the landlord. Then, when the tenant seeks redress from the agent for some patent violation of law, as here, the agent’s defense, raised for the first time at trial, as here, is that the corporation should have been the defendant, not the agent.
I reject the defense, Mr. Block did nothing to bring home to plaintiff that he acted, not for himself, but rather for Superior Apartments, Inc. Thus Mr. Block put himself in.the *129 position of an agent for an undisclosed principal. And the rule has been settled for decades or more that ‘ ‘ An agent purporting to act upon his own account, but in fact making a contract on account of an undisclosed principal, is a party to the contract.” (Restatement, 2d, Agency, § 322; Unger v. Travel Arrangements, 25 A D 2d 40, 47.)
Of course, Mr. Block may have a claim over against Superior Apartments, Inc., for the amount of this judgment, but he has not brought in the corporation as a third-party defendant, and so his claim is not before me for decision.
Plaintiff has been overcharged $58.50. In view of defendant’s insistence that she pay the higher rent even after he had become aware that it exceeded the maximum permissible rent, I exercise my discretion to treble the overcharge. Plaintiff shall therefore have judgment against defendant in the sum of $175.50, with costs.