Per Curiam.

The word “ Landlord ” is defined in title Y of the Administrative Code of the City of New York as including an owner, lessor, sublessor or an agent of any one of them (§ Y51-3.0, subd. f). In equating an agent of an owner to the very owner, the statute makes them equally answerable for receiving rent in excess of the lawful maximum rent, without respect to which of them eventually retains it (see Albrecht v. Busch, App. Term, 1st Dept., Jan. 1970, No. 439). Thus, the landlord and agent are jointly and severally liable, and may be so sued, without the requirement that an action be instituted against both.
*635 Michalowski v. Ey (7 N Y 2d 71, 75) has no application to this small claims case where, all pleadings being expressly dispensed with by statute (CCA, § 1803), no formal demand or prayer for relief, limiting damages, need be deemed included in the Clerk’s concise written statement of the claim. The Small Claims Court’s findings and entry of judgment for increased damages, on defendant’s failure to sustain the burden of proving exculpation therefrom, were in conformity with CPLR 4018. Judgment should be affirmed, without costs.