Stbeit, J.
(dissenting). In this small claims action, plaintiff sought recovery of rent overcharges of $4.50 a month for a 21-month period. Plaintiff commenced occupancy of her apartment in February, 1967, at a monthly rental of $170. She contends that some time during the summer of 1968, she checked with the Rent and Rehabilitation Administration and ascertained that the maximum permissible rent for her apartment was $165.50. She thereupon withheld all rent so that the landlord ‘ ‘ would come to talk to us so that I could tell him about this. ’ ’ The defendant did come, in October or November, 1968, heard plaintiff’s claim, said he would check with his lawyer, but ‘ ‘ fussed about the fact that we held the rent ’ ’ and asked ‘ ‘ would we please pay the back rent we owed him.” (i.e., the full $170 a month.) Plaintiff did so. Defendant checked with his lawyer and commencing with the November, 1968 rent agreed to accept $165.50 per month, which amount the tenant continues to pay to date. Defendant limited his defense to the contentions that (1) part of the overcharge claim was timerbarred and (2) that, as agent for the landlord, he was not personally liable for the overcharge and was the wrong party defendant. The trial court sustained the first contention but rejected the second. These findings were correct and I concur in the first paragraph of the majority decision affirming the same.
However, the trial court went further and, finding the actionable overcharge to be $58.50, determined that, 11 in view of defendant’s insistence that she pay the higher rent even after he had become aware that it exceeded the maximum permissible rent, I exercise my discretion to treble the overcharge. ” (62 Misc 2d 126, 129.)
I am of the opinion that it was improvident for the trial court to impose treble damages where there was no claim for such damages and where, as a consequence, the question of defendant’s willfulness in exacting an overcharge was not fully litigated. Literally read, subdivision e of section Y51-11.0 of the Administrative Code of the City of New York, appears to automati *636 cally subject a landlord to treble damage liability in every rent overcharge case, whether or not the plaintiff claims willfulness, or formally demands punitive or exemplary damages. Underlying the majority decision is such a literal interpretation of the statute. I believe that this construction offends justice and raises possible constitutional doubts. Numerous statutes impose exemplary or punitive multiple damages but it is the general rule that a party must make an appropriate demand in the complaint in order to be entitled thereto. (See, e.g., Kelsey v. Ellis, 259 App. Div. 1070; Schneider v. 44 — 84 Realty Corp., 169 Misc. 249, 254, affd. 257 App. Div. 932; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4018.01.) Where, as in the instant case, the basis for imposition of multiple damages also constitutes the commission of a crime (see Administrative Code, § Y51-11.0, subd. b), the complaint should indicate that the requisite crime was committed (see, e.g., Goldson v. England, 219 N. Y. S. 2d 898; Polychrome Corp. v. Lithotech Corp., 4 A D 2d 968; Photographic Importing & Dist. Corp. v. Elgeet Opt. Co., 282 App. Div. 223).
At the very least, if it not be deemed necessary to formally demand exemplary damages, sufficient facts should be pleaded to justify a recovery of such damages and, of course, alert defendant to the necessity to defend against such recovery. (See Gill v. Montgomery Ward & Co., 284 App. Div. 36; 25 C. J. S., Damages, §§ 133, 134, pp. 1191,1194.)
Defendant argues that it is settled law that a plaintiff’s recovery is limited by the demand recited in the complaint (see, e.g., Michalowski v. Ey, 7 N Y 2d 71, 75) and the total demand here recited was only for the rent overcharge. That principle applies to formal pleadings, however, and is not reasonably applicable to a small claims case, where formal pleadings have been expressly dispensed with by statute (CCA, § 1803). The issue here is not one of pleading and practice formalities, but the more basic question of due notice and opportunity to defend, which is a matter of substantial justice. (See CCA, § 1807.) The statute (Administrative Code, § Y51-11.0, subd. e) does alert a landlord to the possibility of multiple damages and clearly imposes the burden of proof on the landlord, inter alia, with respect to any question of willfulness in the exacting of rent overcharges. However, even if it be assumed that a tenant is powerless to waive a claim for treble damages, not every overcharge claim gives rise to multiple damage liability. Surely a landlord should be entitled to due notice as to whether he must defend against a claim of honest error, or one of negligent disregard of the rent laws or one of criminal misconduct.
*637 I think it is clear from the record that the defendant did not anticipate, nor prepare a defense against, any claim of willful misconduct. (I disagree with the trial court’s factual finding on this willfulness question and thus conclude that defendant could not have been expected to anticipate such a claim.)
I am of the opinion that once the trial court determined that a claim for exemplary or punitive damages was made out by the plaintiff, it was obliged, at the very least, to conform the informal pleading to the proof (i.e., alert defendant of the additional claim), before permitting defendant to rest on the plaintiff’s case. Having failed to do so, the trial court improvidently exercised its discretion in resolving an inadequately tried issue in plaintiff’s favor. I vote to reverse and remand for a new trial.
Markowitz and Quinn, JJ., concur in Per Curiam opinion ; Streit, J. P., dissents in memorandum.
Judgment affirmed, without costs.