Richard W. Wallach, J.
Consolidated with petitioner’s nonpayment proceeding for rentals due in the months of December and January is tenant’s action “ tried herein as a counterclaim ” for treble damages based upon willful overcharge (Local Laws, 1962, No. 20 of City of New York, as amd.; Administrative Code of City of New York, § Y51-11.0, subd. e, par. [2]).
What emerged from the proof was a sophisticated and calculated scheme on the part of the landlord to evade the rent control law with a “ tie-in deal ”. This consisted of landlord’s forcing upon the lessee of this rent controlled unit at $64.24 per month residentially unuseable cellar space for $100 per month as a condition of leasing the premises. The willful character of the evasion is evidenced, inter alia, by the advertisement of the space as a “ duplex ’ ’, even though the sole interior means of access was a loose step ladder jutting up through a hole cut in the floor (a condition which resulted in a Building Department violation which the tenant cured). Further, the landlord here is an experienced real estate investor-operator, and licensed broker, and must have known that the required landlord’s report of this lease transaction to the City Office of Rent Control was misleading and fraudulent.
It is of no legal significance that tenant also signed that report, and that landlord did not deceive tenant as to any of the facts. Landlord’s misconduct imposed the punitive arrangement upon the tenant, who was in an unequal bargaining position. Even where the tenant executes false affidavits of professional use to get a place to live, the law has not denied him a recovery of treble damages (Hutchison v. Green, 138 N. Y. S. 2d 468, mod. as to attorney’s fee only 142 N. Y. S. 2d 230; see, also, Just v. Graf, 17 A D 2d 848; cf. Greco v. Clebourne Apts., *372 39 Misc 2d 116). The test is not deception of the tenant as to the material facts, but the misuse of landlord’s superior economic power in finding a victim willing to submit, under the exigencies of present market conditions, to the unlawful exaction.
The two-year overcharge here was substantial, in the sum of $2,468.81. There was some evidence that tenant, at least at the outset, made token use of the cellar space for firewood and paint. Inasmuch as the court has discretion in cases of this kind (Just v. Graf, supra; Bishop v. 339 Lexington Ave. Corp., 40 Misc 2d 769, affd. 43 Misc 2d 692), the court fixes the appropriate measure of damages here as double the overcharge, or the sum of $4,936.62. To be deducted therefrom are the lawful rentals due for December, 1971 through February, 1972, each in the sum of $73.87, or a total setoff of $221.61, making the net judgment on tenant’s counterclaim the sum of $4,715.01, plus counsel fees. Since counsel fees are to be “ commensurate with the overcharge” (Lindstedt v. Monds, 38 Misc 2d 57), tenant is awarded the additional sum of $750 on this cause of action and tenant may have judgment accordingly.