Burton S. Sherman, J.
This, is an action tried on an agreed statement of facts. The plaintiff seeks to recover rent overcharges against the estate of the deceased landlord. The facts are that the plaintiff became a tenant of Apartment 2b in a multiple dwelling known as 30 West 76th Street, City and County of New York, on June 15, 1968 at á rental of $175 per month. The landlord was one Anna Frederick. She died on July 12, 1969. The plaintiff paid the rental of $175 from June 15, 1968 up to death of the landlord June 15, 1969. The plaintiff also paid the rental of $175 a month to the defendant estate of the landlord on July 15, 1969 and August 15, 1969. Only the 15-month rental payments from June 15, 1968 through August 15, 1969 are involved in this action for rent overcharge. During this period the apartment involved was subject to regulation and control pursuant to the New York City Rent and Rehabilitation Law (Administrative Code of the City of New York, eh. 51, tit. Y).
On January 27,1971 the Lower Manhattan District Rent Office issued an order establishing the maximum rent for the apartment in question as $53.66 effective as of April 1, 1968. The maximum rent was “ quoted as of July 31,1970 ” and was therefore the rent during the 15 months that the tenant was paying *1052 $175 per month; The order also directed ‘1 that all rent collected in excess of the maximum rent fixed or established by this order during the period beginning no earlier than two years prior to April 16, 1970 [presumably when the protest yas made] shall be refunded to the tenant within 30 days after this order shall become final together with 6% interest from the date of each successive payment of rent ’ No administrative appeal or article 78 proceeding was brought by the landlord subsequent to. this order. This action was started on or about July 13, 1971. The plaintiff has waived any possible claim for treble damages and parties further stipulated to an attorney fee of $300 as permitted by subdivision d of section Y51-11.0 of the Administrative Code in the event the plaintiff is successful.
The only issue to be decided by the court is whether this action is barred by the Statute of Limitations provided in section Y51-11.0 (subd. d, par. [2]) of the Administrative Code, as pleaded by the defendant.
This section states in pertinent part: “A tenant may bring an action against Ms landlord in any Court of competent jurisdiction for a violation of subdivision a of section Y51-10.0 within:
(a) two years from the date of occurrence of an overcharge, defined to mean the amount by which the consideration paid by a tenant to a landlord exceeds the applicable maximum rent, or
(b) within one year after the landlord fails to pay a refund as ordered by the city rent agency, such time to be calculated from thirty-three days after the date of the issuance of the order or when the order' becomes final, whichever is later ”.
The defendant contends that the language of the aforementioned section clearly limits any action for overcharges to a period of two years from the said overcharge. It states: “In other words a tenant may bring an action for rent overcharges at any time within one year of the city rent agency’s directive but such action cannot be for rent overcharge occurring more than two years from the date of the bringing of the action”-. Here defendant argues that no action may be maintained for rent overcharges prior to July 13,1969 wMch would be two years before the beginning of this action.
However, the language of the section is in the disjunctive. There is a two-year limitation “Or” an alternative one-year limitation. Clearly a tenant may bring a rent overcharge proceeding where such maximum rent is fixed, within two years, or it may institute administrative proceeding to establish the maximum rent and institute an action based upon the administrative order within one year thereafter. Defendants’ interpretation of *1053 the section strains its very meaning. It would unduly penalize a tenant who has resorted to an administrative proceeding to permit the time to run on overcharges while the administrative proceeding is being' conducted. Thus if in fact such proceeding took more than two years to conclude it would be a hollow victory for a tenant who was eventually found to have been overcharged. Nor may the defendant landlord challenge the order of the rent commission dated January 27, 1971 which directed the landlord to refund all overcharges to the plaintiff beginning April 16, 1968. If such order is in fact in error as defendant contends, its remedy was to commence an administrative appeal or an article 78 proceeding. Since this actipn was commenced within one year of the administrative order dated January 27, 1971, I conclude that the action is timely. Plaintiff may have judgment for the overcharge of 15 months in the sum of $1,821.10, together with 6% interest from the date of each successive' payment of rent and an additional attorney fee of $300.