Israel Rubin, J.
This is a motion brought by the defendant Ben Hoffman, to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (subd. [a], par. 7).
The plaintiff Housing Development Administration of the City of New York (hereinafter referred to as H. D. A.), has commenced an action to recoup the cost of emergency repairs . made at premises 922 Elsmere Place, Bronx, New York. The action was brought against three defendants including Ben Hoffman, the registered managing agent.
The plaintiff, H. D. A. contends, in substance, that the registered managing agent should be viewed as an owner, making him personally responsible for the cost of emergency repairs, made during the period of his agency.
The action is brought pursuant to section D26-54.05 of the Administrative Code of the City of New York (Housing Maintenance Code), which states as follows: “ All expenses incurred by the department in causing the correction of unlawful conditions pursuant to section D26-5401(a) (1) or in executing an order pursuant to section D26-5401(c) or section D26-5403(e) shall constitute a debt recoverable from the owner and a lien upon the building and lot, and upon the rents and other income thereof. The provisions of article 57 shall govern the effect and enforcement of such debt and lien.”
The question before this court is whether a registered managing agent comes within the definition of an owner so as to be personally liable for emergency repairs. Ordinarily an agent for a disclosed principal would not be liable to a third person. However, paragraph 45 of subdivision a of section D26-1.07 of the' Administrative Code defines an ‘1 owner ’ ’ as including an “ agent ”, or any other “ person ” directly or indirectly in control of a building. Does the statute change the general rule and impose liability upon the managing agent as if he were the owner ?
Similar language as to definition is found in title Y of the Administrative Code where a landlord is defined as including an owner, lessor, .sublessor or an agent of any one of them (Administrative Code, § Y51-3.0, subd. f).
The Appellate Term, First Department, in answering the question of liability of1 an agent in this statute stated in Johnson v. Block (65 Misc 2d 634) as follows: “ In equating an agent of an owner to the very owner, the statute makes them equally answerable for receiving rent in excess of the lawful maximum *361 rent, without respect, to which of them eventually retains it (see Albrecht v. Busch, App. Term, 1st Dept., Jan. 1970, No. 439). Thus, the landlord and agent are jointly and severally liable, and may be so sued, without the requirement that an action be instituted against both.”
Were the Housing Maintenance Code of the City of New York so clear in definition this court would have no problem. However, the code goes on to define the duties of a managing agent in section D26-41.03 (subd. a, par. [3]) when it states that the owner shall appoint and register a managing agent who would be “in control of and responsible for the maintenance and operation of such dwelling and to authorize, on behalf of the owner, the correction of any emergency conditions or the making of any emergency repairs ” (emphasis added).
The code distinguishes between an agent and a registered ■ managing agent for if both were alter egos of each other there would have been no necessity in section D26-41.03 (subd. a, par. [3]) of authorizing the managing agent to correct emergency conditions or make emergency repairs on behalf of the owner.
However, this action cannot, at this time, be summarily disposed of for there are circumstances where a managing agent can be held responsible. As stated in the case of Gardner v. 1111 Corp. (286 App. Div. 110, 112): “ where a managing agent has complete and exclusive control of the management and operation of a building — in other words where he stands in the owner’s shoes so to speak ”.
In Johnson v. Block (65 Misc 2d 634, supra) the facts as set forth in the lower court’s .opinion at 62 Misc 2d 126, disclose that the managing agent who was held personally liable for a rent overcharge was a principal in the corporate owner, as well as, the managing agent.
The movant, Ben Hoffman, in this case, does not submit any affidavit in support of his motion as to what his duties were as managing agent nor does he submit any information to enlighten the court as to his relationship with the corporate owner. This court is being asked to make a determination without any facts before it. Mr. Hoffman relies solely upon the plaintiff’s complaint which alleges in paragraph “ Fifth ” that the defendant, Ben Hoffman, is the registered managing agent. It has been held that in a motion to dismiss a complaint for failure to state a cause of action, the plaintiff is entitled to every favorable inference that reasonably may be drawn from the complaint. (Westhill Exports v. Pope, 12 N Y 2d 491.) It has been further *362 held that the sufficiency of a pleading which is being tested, is deemed to allege whatever can be implied from its statements by fair intendment and the whole of it must be considered. (Kober v. Kober, 16 N Y 2d 191.)
The complaint in this action, read within the light of the decisions discussed herein, might very well set forth a cause of action. This court, with the limited information before it, cannot properly make a determination. The issue of the full duties and power of the agent, the degree of control by the agent as to the operation and management of the building premises herein and what, if any, his interest may be in the corporate owner can only be decided upon trial.
Accordingly, the motion to dismiss the complaint is denied.
The defendant Hoffman, is directed to serve and file an answer within 10 days after service of a copy of this order with notice of entry.