OPINION OF THE COURT
Margaret Taylor, J.
This is an action brought pro se by the occupant of a rent-controlled premises to recover rent overcharges. Plaintiff Frederick Santón has been the sole resident of a furnished, one-room, rent-controlled apartment in a rooming house managed by defendant Kay Rooney since 1969. Ms. Rooney was the agent of these premises until August 4, 1977 when her mother sold the building to a corporation not a party to this lawsuit. On or before January 7, 1977, Mr. Santón filed a statement of violations complaining of rent overcharges with the agent. Mr. Santón charged that he was paying the applicable maximum rent for a two-person occupancy of his room despite his claim that he was the sole occupant of the subject premises. On January 17, 1978, the city rent control agency ordered defendant to refund to Mr. Santón all rent overcharges collected during his tenancy. Defendant did not avail herself of her right to obtain judicial review of this order in an article 78 proceeding. (L 1962, ch 21, § 1, par 8.) Instead, she chose not to comply with that order and continued to demand and receive rent in excess of the maximum allowable *688 rent. On April 13, 1978 Mr. Santón instituted this action pro se, seeking recovery of rent overcharges for a seven-year period together with treble damages. During trial, plaintiffs complaint was amended to conform to the proof, adding a second cause of action for rent overcharges based upon defendant’s failure to comply with the refund order of the city rent agency. Accordingly, plaintiff sues defendant for failure to comply with the refund order and also states a cause of action for all rent overcharges collected two years prior to the date the action was instituted.
At trial, Mr. Santón established by a preponderance of the credible evidence that defendant had been the agent of the subject premises until August 4, 1977 and had charged him the applicable maximum rent for a two-person occupancy of his rent-controlled room from November 1, 1970 through August of 1977. Although there is some evidence that Mr. Santón resided in the subject premises prior to November 1, 1970, the record does not contain sufficient evidence to establish when Mr. Santon’s tenancy began or whether he was overcharged prior to November 1, 1970. However, plaintiff did establish by a preponderance of the credible evidence that he had been charged rent at the double-occupancy rate from November 1, 1970 through August 4, 1977. Plaintiffs Exhibit 4 in evidence is the Office of Rent Control’s disposition of a rent overcharge complaint brought by Mr. Santón against Ms. Rooney. This document contains defendant Rooney’s signed affirmation in answer to the complaint. In that document, defendant admits that she was paid by Mr. Santón a monthly rental of $60 until February, 1975, $70 per month rent until June, 1976, and $75 monthly as of June of 1976. Plaintiff also established that he was the sole occupant of these premises during the entire period of his tenancy. Defendant’s own testimony revealed that she made frequent visits to Mr. Santon’s room to collect weekly rent but never saw another person in residence. Defendant failed to present any reasonable explantion for her claim that two persons occupied Mr. Santon’s modest room. The maximum rent chargeable for a single occupancy of plaintiff’s room was $32.92 a month from August, 1970 through June of 1977. Pursuant to an agency order effective July 1, 1977, that maximum rent had been decreased by $8.10 a month to $24.82 to reflect the diminution of services provided to tenants. Thus, the proof adduced at trial shows that defendant knowingly and intentionally col *689 lected $2,720.52 in excess of the maximum rent from the plaintiff from November 1, 1970 through August 4, 1977.
Every tenant is afforded a statutory private right of action against a landlord for rent overcharge under section Y51-11.0 (subd d, par [2]) of the Administrative Code of the City of New York: "(2) A tenant may bring an action against his landlord in any court of competent jurisdiction for a violation of subdivision a of section Y51-10.0 within: (a) two years from the date of occurrence of an overcharge, defined to mean the amount by which the consideration paid by a tenant to a landlord exceeds the applicable maximum rent, or (b) within one year after the landlord fails to pay a refund as ordered by the city rent agency, such time to be calculated from thirty-three days after the date of the issuance of the order or when the order becomes final, whichever is later.”
Thus, section Y51-11.0 of the Administrative Code provides tenants with two distinct theories of liability with different Statutes of Limitations. The damages recoverable in an overcharge action based on section Y51-11.0 (subd d, par [2], cl [a]) are expressly limited to all overcharges collected during the two-year period preceding the date the action is commenced. (E.g., Johnson v Block, 65 Misc 2d 634; Kliever v Bobick, 74 Misc 2d 1051.) However, the statute contains no limitation on the amount of damages recoverable in an action based on the landlord’s failure to comply with a refund order. (See New York City, Rent, Eviction, and Rehabilitation Regulations, § 77.) Indeed, in an action to enforce a refund order, the court is charged with responsibility to enforce the exact terms of the commissioner’s refund order.
In this case, the commissioner ordered: "[T]hat the landlord shall refund to the tenant any excess rent arising as a result of this order within 30 days from the date of issuance hereof.” Thus, by its terms, the order required the defendant to refund all excess rent collected during Mr. Santon’s seven-year tenancy.
Ms. Rooney chose to neither pay the refund as ordered nor institute a CPLR article 78 proceeding to obtain a review of this order. Consequently, the order may not be collaterally attacked in this proceeding to enforce it. (E.g., Kliever v Bobick, 74 Misc 2d 1051, supra.)
According to the evidence produced at trial, Mr. Santón filed a complaint of rent overcharge with the city rent agency on or before January 7, 1977 and a final order of refund was *690 made on January 17, 1978. Defendant failed to comply with that order and plaintiff commenced suit within one year and 33 days of the issuance of the final order. Therefore, Mr. Santón is entitled to recover all overcharges collected from November 1, 1970 through August 4, 1977, to wit: $2,720.52. (Administrative Code, § Y51-11.0, subd d, par [2], cl [b]; New York City Rent, Eviction, and Rehabilitation Regulations, §77.)
Plaintiff also seeks treble damages as provided by statute. Section Y51-11.0 (subd d, par [2]) of the Administrative Code permits the award of treble damages in overcharge actions: "The landlord shall be liable for reasonable attorney’s fees and costs as determined by the court, plus whichever of the following sums is the greater: (i) such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine or (ii) an amount not less than twenty-five dollars, provided, however that such amount shall be the amount of the overcharge or overcharges or twenty-five dollars, whichever is greater, if the defendant proves that the violation of the regulation or order in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation.” The statute places the burden of proof upon the defendant to prove by a preponderance of the credible evidence that overcharges were collected neither willfully nor recklessly. (Johnson v Block, 62 Misc 2d 126, affd 65 Misc 2d 634; Low v Madison-77th, NYLJJan. 30, 1973, p 16, col 2; Golding v Bushek, 69 Misc 2d 370; Sims v Lucyk, NYLJ, Dec. 12, 1972, p 18, col 5.) Defendant failed to satisfy her burden and the evidence produced at trial establishes that defendant knew Mr. Santón was the sole occupant of his rent-controlled room when she reported to the agency that she was collecting the allowable maximum rent based on a two-person occupancy. Accordingly, the court concludes that the overcharges were willful and that treble damages are appropriate.
Judgment is awarded to the plaintiff on its suit to enforce the agency refund order in the amount of $2,720.52. The court also awards treble damages. Therefore, the clerk is instructed to enter judgment for the plaintiff against the defendant for $8,161.56. Accordingly, it is not necessary for the court to dispose of the overcharge claim brought under section Y5111.0 (subd d, par [2], cl [a]) of the Administrative Code.