In the Matter of WILLIAM LA RUSSO et al., Appellants, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— On March 1, 1943, the maximum rents of the five apartments in the premises involved on this appeal were $16 and $17 a month. After the landlord made extensive alterations in excess of $6,500, he leased the apartments at much higher rentals, but failed, prior to March 1, 1950, to obtain the approval of the Federal Housing Expediter for the increased rentals. On January 19, 1953, the landlord filed applications, pursuant to subdivision 1 of section 33 of the State Rent and Eviction Regulations, to increase the maximum rents of the five apartments from the lower rentals to the higher rentals he was then receiving. It is the policy of the Temporary State Housing Rent Commission, where the registered maximum rental does not reflect additional services and equipment actually being received by the tenants, to hold that the rent and the required services and equipment are in doubt, and that it is the duty of the commission to determine these facts. Accordingly, on February 10, 1953, the commission, on its own initiative, instituted a proceeding under section 36 of the Rent and Eviction Regulations to determine the rents of the five apartments on May 1, 1950. On March 3, 1953, the local rent administrator determined that the rents of the five apartments on May 1, 1950, ranged from $46 to $52.50 a month, which were fixed as the maximum rents. After protests filed by the tenants, the State Rent Administrator, on June 11, 1953, affirmed the order of the local rent administrator. This is an appeal by the tenants from an order, made in an article 78 proceeding to review the determination of the State Rent Administrator, dismissing the proceeding. Order unanimously affirmed, without costs. In our opinion, the order of the State Rent Administrator was proper. In addition, the protests filed by the tenants did not raise any of the objections presently urged. A court is prohibited from considering an objection to an order unless such objection shall have been set forth in the protest. (State Residential Rent Law, § 9, subd. 1 [L. 1946, ch. 274, as amd.].) Present — Adel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.