Arthur Markewich, J.
The respondents move for dismissal of the petition for insufficiency. It rests upon that portion of the Business Rent Law (L. 1945, ch. 314 as amd.) which reads: “ (a) ‘ Business space. ’ All rental space in any city other than (1) commercial space as defined in chapter three of the laws of nineteen hundred forty-five, or any act amendatory thereof; (2) dwelling space and meeting rooms in hotels, and dwelling *29 space in rooming houses, apartment houses, dwelling and other housing accommodations, except, on and after March first, nineteen hundred fifty-two, a building in which at least sixty per centum of the total rentable area and sixty per centum of the total number of units formerly used as dwelling space, is lawfully occupied as business space on such date; ’
The petition alleges that the specified condition of occupancy did not obtain on March 1,1952 but existed at some time thereafter and at the time of the institution of the proceeding. Respondents contend that no relief may be obtained upon the basis of that statute unless the specified condition of occupancy did exist on March 1, 1952, and that the occurrence of such condition of occupancy on any date thereafter is insufficient to support the requested relief. In a predecessor consolidated proceeding brought by this petitioner, Mr. Justice Saypol ruled that the statute provided that relief is obtainable if the specified condition of occupancy existed on and after March 1, 1952, but not in the event it came into existence on a date after March 1, 1952. The petitioner contends that the language and legislative intent are prospective. In many proceedings heretofore brought upon that statute the issue raised has been the question whether such condition of occupancy exists, but the court is not aware of any case in which the question has been presented as it is here, whether relief upon the statute is conditioned upon allegation and proof that the condition of occupancy existed on March 1, 1952. There is language contained in the statement of the purpose of the amendment effected by chapter 417 of the Laws of 1952, appearing in the commission’s report to the Legislature, tending to indicate the prospective nature of the proposed amendment and similar words of prospective intent appear in the statements of many commentators. Twice the Governor, by special message to the Legislature, has recommended repeal of the section. In his second special message of January 23, 1957, the Governor stated: 4 4 The Emergency Business-Space Rent Control Law provides that any building in which 60 per cent of the space is rented for business purposes shall be classed as business property and automatically decontrolled under the residential rent control law. The courts have held that tenants in such properties are subject to eviction or oppressive rent charges without the protection of residential rent control in instances where the prescribed ratio of business use existed at the time of the amendment. The courts also have so ruled in instances where this percentage was subsequently achieved. In my special message on Rent Control of 1955,1 stated that there was a danger of such judicial interpretation; today it is a *30 reality. Thus dwelling units are now being deliberately rented for professional uses so as to effect residential decontrol of the whole property. I recommend that this section he repealed.”
The court is impressed with the argument that the Legislature dealt with the situation as it existed and was presented to it as of March 1, 1952, and concerning which no evils could develop whereas certain dangers were inherent in the statute and capable of developing, as pointed out in the first and second special messages of the Governor. In the second special message he adverts to the particular danger of a judicial construction, which in fact has been given to the statute although such construction has not followed, so far as the court is aware, upon presentation of the issue here tendered. At least the respondents are in accord with the position taken by the Governor and the statute as enacted despite the language of the commission’s report supporting its contention. Two views are taken: On the one hand, the petitioner argues that the failure of the Legislature in two instances to follow the Governor’s recommendation indicates a legislative intent and belief that the statute confers the benefit which the petitioner now claims. But, on the other hand, the inaction of the Legislature may be said to be equally indicative of a legislative conclusion that the Governor’s position was correct and that no legislative action was necessary to avoid the inherent dangers and to freeze the situation with respect to the named date in the statute, to wit, March 1, 1952. The court is in accord with the latter view.
The motion is granted and the petition is dismissed.