Thomas A. Aurelio, J.
This is a proceeding brought pursuant to subdivision (c) of section 2 of the Business Rent Law (L. 1945, oh. 314, as amd.). Subdivision (a) of section 2 (as amd. by L. 1952, ch. 417) defines “ Business space ” to include ‘ ‘ on and after March first, nineteen hundred fifty-two, a building in which at least sixty per centum of the total rentable area and sixty per centum of the total number of units formerly used ais dwelling space, is lawfully occupied as business space on such date ”.
Subdivision (c) of this section (as last amd. by L. 1957, ch. 452) provides: “(c) ‘ Emergency rent.’ * * * that if the business space was not used or occupied as business space on June first, nineteen hundred forty-four, the emergency rent shall be the reasonable rent therefor as business space on such date, plus fifty per centum thereof, to be fixed by agreement, by arbitration, or by the supreme court upon the basis of the rent charged on such date for the most nearly comparable business space in the same building or other rental area, or other satisfactory evidence ”.
*986 Therefore, the question presented for the court’s determination is whether, as the statute requires, 60% of the total rentable area and 60% of the total number of units formerly used as dwellings in this building were lawfully occupied as business space on January 15, 1958, the date of the commencement of this proceeding.
There being 37 units in this building, petitioner must establish that 23 units constituting 60% of the total rentable area were used for business purposes when this proceeding was commenced.
Respondents contend that several of the units allegedly converted to business use and relied upon by petitioner for compliance with the requirements of the statute were so converted after May 1, 1955 and, since petitioner has failed to obtain from the Rent Administrator the order required by rule 13, petitioner has failed to establish its right to the relief sought herein.
Section 13 of the State Rent and Eviction Regulations reads as follows: “ Any housing accommodation subject to these Regulations which may be rented on or after May 1, 1955 for commercial or professional use shall continue to be subject to control and the landlord may not collect more than the maximum rent until an order is issued by the Administrator exempting the housing accommodation from these Regulations during the period of occupancy by the tenant. Such order shall be issued by the Administrator where he finds that the renting complies with the requirements of state and local authorities and was made in good faith without any intent to evade the Act or these Regulations and shall be effective as of the date of the commercial or professional renting.”
It is not disputed that petitioner has failed to obtain the order from the Rent Administrator required by the foregoing rule. It is petitioner’s claim that section 13 was not adopted until April 20, 1955, while subdivision fa) of section 2 was enacted by the Legislature and became effective April 3, 1952, long before section 13 was adopted. I am of the opinion that section 13 does not affect the provisions of the law under which this proceeding is brought. Section 2 specifically provides that the emergency rent shall1 ‘ be fixed * * * by agreement, by arbitration, or by the supreme court ” (emphasis mine). The Legislature could not have contemplated the application of section 13 when the section was enacted because section 13 was n'ot then in existence. Manifestly, section 13 was adopted for the purpose of enabling tbe Rent'Administrator to determine the good faith of the conversion from residential to business space in order to avoid *987 abuses. Since, in a proceeding of this kind, the court must determine the same question, to wit, whether 60% of the units have in fact legitimately been converted to business space, it would serve no useful purpose to compel a petitioner landlord to also first obtain from the Rent Administrator the order required under section 13.
Respondents urge that suites Nos. 81 and 82, claimed as being used for business purposes, are used for residential purposes. The leases for these suites are made out to H. E. Fletcher Company, Inc., to be used “ For general office principally” and “ General office use only [no mfg.] ”, respectively. I am satisfied that both suites are legitimately used for business purposes and the occasional overnight use of No. 81 by an officer of the tenant corporation and his son a few times a year is only incidental to the main purposes of the suit and does not change the character of the use of the space from business to residential. The same applies to suite No. 51 leased to Office Substitute Personnel, Inc. Mrs. Clarke, president of the corporation, testified that she had a couch in the office and that occasionally she slept there overnight, although she had an apartment elsewhere.
The record clearly indicates and I so find that the occupied business space exceeded 60% of the total rentable area at the commencement of this proceeding.
In computing the number of square feet of Unit 62, which is in the so-called Number 2 line, occupied by respondent Richard Spira I have excluded therefrom the area previously within the entrance door. This space, a hallway, is now open and may be considered part of the public hall for the use of the other tenants on the floor as a fire exit although the tenant has the use of it. I find and decide that this unit (Number 2 line) contains 517.3 square feet of rentable area for which rent may be charged.
Accordingly, the petitioner has established its right to an order determining and fixing the emergency rent for the space occupied by each of the respondents herein.
It having been stipulated upon the trial that the rent charged on June 1,1944 for the most comparable business space in other rental areas was $1.50 per square foot, the landlord petitioner is entitled to an order fixing the emergency rent at $2.25 per square foot, which is the emergency rent chargeable on June 1, 1944 plus 50% thereof.
Therefore, the rent of each respondent, based on the square feet each occupies, as established upon the trial, is fixed as follows:
*988 Suite Respondent Occupying Suite Square Feet Rent Fixed 24 Vera Bertram 607 $1,365.75 41 Eleanor H. Hull 554 $1,246.50 44 Viola M. Dupre 607 $1,365.75 62 Richard Spira 517.3 $1,163.93 71 Evelyn E. Leavitt 554 $1,246.50 83 Joan Sack 446 $1,003.50 84 Estelle Frank 607 $1,365.75
The proceeding having been discontinued as against respondents Armstrong, Carlo, Crites and Richards, no determination is made as to them; respondent Vera Bertram is in default.
The court has disregarded the letter, dated October 29, 1958, sent in by Philip Cohen, Esq., attorney for petitioner, together with the affidavit of Robert S. Clary, sworn to October 29, 1958, which accompanied the letter.
The foregoing constitutes the decision of the court required by section 440 of the Civil Practice Act.
Settle order.