Burke, J.
The petitioner brought this proceeding to fix the reasonable rent for all the suites in a building owned by it, pursuant to the provisions of the Business Rent Law. (L. 1945, ch. 314, as amd., § 2, subd. [a], par. [2]; subd. [c].) Petitioner asserts that the apartments occupied by the respondents constitute business space because more than 60% of the total space in the building is lawfully occupied as business space. Special and Trial Term fixed the rents at the statutory percentages and directed that the rentals so' fixed should be paid from May *322 9, 1957, the date of the commencement of this proceeding. The Appellate Division reversed the order of Special Term on the law, finding that the requirements of the statute had not been satisfied because a number of apartments which had been converted subsequent to an amendment of the residential rent regulation (State Rent and Eviction Regulations, § 13) were not lawfully occupied as business space. These converted apartments, the Appellate Division concluded, continue under residential rent controls until orders of exemption from such controls were secured from the Rent Administrator. Subsequently the landlord secured the decontrol orders and moved for reargument. Reargument was denied (9 A D 2d 642). Thereafter the landlord moved at Special Term for a new trial. The order granting the motion was reversed by the Appellate Division (10 A D 2d 669).
It seems to us that the Appellate Division reached the correct conclusion on the law.
Section 13 of the Rent and Eviction Regulations adopted by the Temporary State Housing Rent Commission provides, in substance, that any housing accommodation rented for commercial use shall continue to be subject to control, and the landlord may not collect more than the controlled residential rent until an exemption order is issued by the Administrator exempting the space during the period of occupancy by the tenant.
Although this section was adopted after the Business Rent Law, it does not necessarily follow that they are inconsistent. Each law is designed to fulfill a different function, to remedy a different evil. Under the rules governing residential rent a landlord who has a building which is currently used for residential purposes, may seek decontrol, subjéct, however, to the provisions of section 13. Before a certificate is issued approving the conversion to business space the Rent Administrator conducts • such inquiry as he deems necessary to determine whether the conversion was made in good faith. (See Note of the Temporary State Housing Rent Commission to Amendment No. 76 to State Rent and Eviction Regulations, § 13, eff. Juno 1, 1959.)
This is an entirely different function from that assigned to the Supreme Court by the applicable section of the Business *323 Bent Law. In such a proceeding, if 60% is legally occupied as business space, the court may fix the rent in proportion to rental rate of similar space as of 1944. This rent rate proceeding involves no determination in regard to the validity or legality of the conversion itself, nor compliance with building regulations required by the Building Department, but rather is a value determination which is used as the basis for the increased rent. Bach agency, then, has a separate and distinct function to perform. The Bent Administrator determines whether the conversion is bona fide and authorizes an increase of rent. The court fixes the rate. There is no statutory provision which divests one agency of jurisdiction merely because the other agency has a duty of supervision.
Viewed in the light of this interaction, there is no substance to appellant’s contention that the term “lawfully occupied” does not embrace a consideration of the regulations issued by the Temporary State Housing Bent Commission as specifically authorized by the Legislature. It is of some significance that, although five years have elapsed since the adoption of section 13, the Legislature has not shown any dissatisfaction with its use, or found any conflict engendered by its operation or policy. Bather than being in conflict, these regulations may be said to be complementary. Proof of the exercise of the duty of supervision which was imposed on the Administrator by the Legislature may not be supplanted by the bare proof of unilateral physical conversion from a residential to a business use wrought by the landlord. If the bare fact of the physical change in the character of the space is held to be the determinative factor, the landlord then will be substituted as the sole arbiter in place of the Administrator. Such a ruling would encourage precisely the evil which the rent legislation was designed to control. The regulation is designed to provide an impartial agency to determine whether the conversion to business is a mere sham in. order to take advantage of the higher “ emergency rent ” or whether fraudulent or collusive arrangements have been made with the tenants comprising the business space group so as to take advantage of the residential space group whose rents may be raised even though they are still using the space for purely residential purposes.
*324 The significance of Matter of Lorenzo Estates (decided by the Temporary State Housing Bent Commission May 6, 1959), cited by the appellant, lies in the fact that the Bent Administrator made the precise determinations discussed above. He gave “careful consideration” to the entire record, and then concluded that ' ‘ the intended renting is purely a commercial one and that the subject accommodation will not be used for residential purposes ”. Accordingly, he issued an order exempting the space “ so long as it is not used for residential purposes ”. The legal effect is quite different from appellant’s assertions. The space becomes exempt when the Administrator finds that the conversion is genuine, not when the landlord claims an exemption. In connection with this view of the value of section 13, it is important to recall that in 1959 the Legislature, through the State Housing Bent Commission, amended section 13 “for the purpose of enabling the Administrator to determine the good faith of the conversion from residential to business space in order to avoid abuses ”. (Note of Commission to Amendment No. 76 to State Bent and Eviction Begulations, § 13, eff. June 1, 1959, citing Matter of 114 East 40th Corp. v. Armstrong, 14 Misc 2d 984, 986-987, and Matter of Sipal Realty Corp. [Dankers], 16 Misc 2d 827, 833.)
We do not think that it is the law of this case that this court’s prior action (Matter of Sipal Realty Corp. [Dankers], 4 N Y 2d 1026) sustaining the petition as sufficient in law now precludes consideration of the applicability of section 13. The allegations set forth in the petition before us on the occasion of that appeal were broad enough to include a statute not referred to at that time. Since the pleading was to be liberally construed on the motion to dismiss, and since the petition did not allege whether any conversions were made after the effective date of section 13, we find that the issue in respect to that regulation was not raised in this court.
While we are in agreement with the Appellate Division, we believe that the order should be modified so as to grant a new trial, in order to allow the petitioner to introduce the section 13 certificates secured from the Bent Administrator subsequent to the. decisions of the Appellate Division. At that trial the respondents would have an opportunity to challenge" the validity of the issuance of the certificates. Thus the trial court would be able to determine when the increased rent became effective and *325 what amounts, if any, of rent are presently owed to the petitioner by the respondents.
The order of the Appellate Division should he modified insofar as it dismissed the petition, without costs, and the matter remitted to Special Term for further proceedings not inconsistent with the opinion herein.
Chief Judge Desmond and Judges Dye, Froessel and Foster concur with Judge Burke; Judges Fuld and Van Voorhis dissent and vote to reverse the order of the Appellate Division and to reinstate the order of Special Term for the reasons stated in the opinion at Special Term and in the dissenting opinion at the Appellate Division.
Ordered accordingly.