Morris E. Spector, J.
This is a proceeding for an order fixing emergency rent pursuant to subdivision (c) of section 2 of the Emergency Business Space Bent Control Law. (L. 1945, ch. 314, as amd.) The petition was sustained as sufficient in law (Matter of Sipal Realty Corp. [Dankers], 4 N Y 2d 1026, affg. 5 A D 2d 84, which revd. 7 Misc 2d 28) and the cause was then tried by the Supreme Court, New York County. The Appellate Division (8 A D 2d 355) reversed the order of Special Term (16 Misc 2d 827) fixing the rents, on the ground “ that the requirements of the statute had not been satisfied because a number of apartments which had been converted subsequent to an amendment of the residential rent regulation (State Bent and Eviction Begulations, § 13) were not lawfully occupied as business space. These converted apartments, the Appellate Division concluded, continue under residential rent controls until orders of exemption from such controls were secured from the Bent Administrator ” (8 N Y 2d 319, 322).
The landlord thereupon secured the decontrol orders and moved for reargument, which was denied (9 A D 2d 642). An order by Special Term granting a new trial was reversed (Matter of Sipal Realty Corp. [William], [Dankers], 10 A D 2d 669).
The Court of Appeals held “ that the Appellate Division reached the correct conclusion on the law ” (8 N Y 2d 319, 322). However, it was felt that the order of the Appellate Division (8 A D 2d 355) “ should be modified so as to grant a new trial, in order to allow the petitioner to introduce the section 13 certificates secured from the Bent Administrator subsequent *411 to the decisions of the Appellate Division. At that trial the respondents would have an opportunity to challenge the validity of the issuance of the certificates. Thus, the trial court would be able to determine when the increased rent became effective and what amounts, if any, of rent are presently owed to the petitioner by the respondents ” (8 N Y 2d 319, 324-325; emphasis added).
Thus the Court of Appeals has limited the purpose of this trial and therefore we adopt all findings of fact of the prior trial court insofar as they are not inconsistent with our findings on the questions of the validity of the issuance of the certificates and the effective date of the increased rent.
Under ordinary circumstances the only remedy for a person aggrieved by an administrative determination is by way of review in an article 78 proceeding (see, for example, the provisions of the Emergency Housing Rent Control Law; L. 1946, ch. 274, as amd.), in which the sole question is whether or not the Administrator’s determination has been based on substantial evidence or is arbitrary and capricious (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1, 3). The function of this court is likewise limited not only by this general proposition but by the language of the Court of Appeals (8 N Y 2d 319, 324-325). There is no indication that the Court of Appeals intended, nor is there any authority in law for the proposition that a determination by the Rent Administrator is to be tried de novo in this court (Matter of First Terrace Gardens v. McGoldrick, supra). “ The ‘ judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ’. ’ ’ (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75, quoting Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108.)
The point raised in respondents’ memorandum that the units converted prior to passage of rent control laws should not be included in the “ total number of units formerly used as dwelling space ” (Emergency Business Space Rent Control Law, § 2, subd. [a], par. [2]; L. 1945, ch. 314, as amd.) has already been determined adversely to them (5 A D 2d 84, 88). As to the various maids’ rooms which respondents seek to have excluded, this a question of fact and the court will not disturb the findings of the Rent Administrator (Matter of Nurenberg v. Abrams, 1 A D 2d 901). Indeed, respondents concede in their memorandum that the petitioner rented these units ‘1 for living purposes ”, so that, in our opinion, they therefore would come within the statutory definition of 1 ‘ units formerly used as dwelling space
*412 The record contains substantial evidence to sustain the findings of the Rent Administrator, and his action in issuing the section 13 certificates on September 23, 1959 was neither arbitrary nor capricious. Respondents have failed to introduce any evidence to show that the certificates were improperly issued.
Respondents attack the validity of section 13 certificates because they were issued in 1959 — two years after effective date. This does not mean that the examination made by the Rent Administrator was only as of September 23, 1959. Each section 13 certificate gives the effective date of decontrol, and no evidence was introduced to show that such determination of fact was not adequately proven to the satisfaction of said Rent Administrator and there is no proof that same was arbitrary or capricious.
The increased rent became “ effective as of the date of the commercial or professional renting ” (State Rent and Eviction Regulations, § 13). Although “the landlord may not collect more than the maximum rent until an order is issued ”, the first-quoted phrase above clearly indicates an intent that the increase be retroactive. Such retroactivity is not objectionable (Wasservogel v. Meyerowitz, 300 N. Y. 125, 131-133). It appears from the record that sufficient apartments had been decontrolled (retroactively) prior to the commencement of this proceeding to sustain the landlord’s contention that it is entitled to the increased rentals and in the amounts as previously determined as of the date of commencement of the proceeding. (See papers on motion for a new trial filed Jan. 5,1960, N. Y. County Clerk’s office.)