In the Matter of ARTHUR M. EPSTEIN, Appellant, v. ROBERT E. HERMAN, as Commissioner and State Rent Administrator, Respondent.

First Department, June 27, 1963.

*Walter S. Beck* of counsel (*Theodore H. Friedman* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for appellant.

*David Weisenberg* of counsel (*Harold Zucker,* attorney), for respondent.

STEUER, J.  On appeal are orders in a consolidated proceeding pursuant to article 78 questioning determinations of the State Rent Administrator.  The first petition questioned the retroactive features of a rent increase, and the second petition questioned the right of the Administrator to grant any increase at all.  As to the second petition, we find that the record contains no protest against that aspect of the Administrator's determination, and it was not properly before the court.  Also, the appellant withdrew, on the argument and in his brief, any objection to the retroactive feature of the award insofar as it allowed an increase of $4.50 a month for the installation of a new refrigerator, and as to these features the determination of Special Term dismissing the petitions is affirmed.

Petitioner entered into a lease for the rental of an apartment in the building located at 315 Central Park West in January, 1954.  The reserved rent was $250 a month.  The registered maximum monthly rent was $193.27.  The landlord claimed to justify the increase on the ground that the apartment was let for professional use, petitioner being a dentist.  In June, 1954, the dispute over the rent crystallized, the tenant tendering the registered maximum and the landlord refusing the tender.  No rent has been paid since that date.

In April, 1961 the landlord requested respondent Administrator to find that the premises had been decontrolled as of 1954 or, in the alternative, to fix a new maximum rent. After hearings the respondent Administrator found that the rental was not for professional purposes and hence denied decontrol. However, he did increase the maximum by 15%, adding $4.50 to this figure for the new refrigerator, and found that the increase, which brought the rent to $226.76 monthly, was to be effective as of February 1, 1954. It is this latter feature which is under attack in this proceeding. The question is whether the rent for the period February 1, 1954, to September 29, 1961 (the date of the Commissioner's order) should be $197.77 or $226.76 per month.

The general provision in regard to retroactivity of rent increases is found in subdivision 6 of section 4 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) and reads: "No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued."

Respondent claims that this section does not apply because the proceeding by which the new maximum was fixed was brought pursuant to section 36 of the State Rent and Eviction Regulation. Whether a fixation of rent under section 36 carries retroactivity does not properly arise in this proceeding. Section 36 applies to situations where the maximum rent or other facts are in doubt or not known. The section makes clear that "the other facts" are such facts as lead to the determination of a maximum rent, such as the space or the services involved. On such findings, the maximum rent as of May 1, 1950, or the date of first renting, shall be fixed (*La Russo* v. *McGoldrick,* 283 App. Div. 720).

Here the dispute between the parties rested on no such facts. Neither the amount of the maximum rent, the space leased nor the services contracted for were in dispute. A section 36 proceeding assumes the dwelling space is controlled; here the controversy was solely on the threshold question of whether the premises had been decontrolled. The respondent's brief suggests some doubt as to the validity of his finding in favor of the tenant predicated on the unusual lapse of time before the question was brought to his attention, and argues that under the circumstances his determination was eminently fair. Having determined that the facts did not establish decontrol, the maximum rent previously established by the Local Rent Administrator remained effective, there being no factual dispute thereon. No section 36 dispute having been established, the respondent could not dilute the effects of that determination by a retroactive

increase, even in the exaggerated circumstances of the tenant's occupation without paying rent.

The orders should be modified, on the law and on the facts, to provide that the maximum rent found by the respondent shall be payable from September 29, 1961, and that the rental payable from February 1, 1954, to that date shall be $197.77, and, as so modified, affirmed, without costs.

McNally, J. P., and Eager, J., concur; Stevens and Bergan, JJ., dissent and vote to affirm.

Orders entered on July 9, 1962, modified, on the law and on the facts, to provide that the maximum rent found by the respondent shall be payable from September 29, 1961, and that the rental payable from February 1, 1954, to that date shall be $197.77, and, as so modified, affirmed, without costs. Settle order on notice.