Harold Baer, J.
The Rent Commission by an order dated July 1, 1960 fixed the maximum rent for the space in question at $50.60 per month, effective January 15, 1958, unfurnished. This took into consideration allowance of a 15% increase over the previous maximum rent of $44 due to the report of a lease. The tenant here came into possession under a lease for a two- *770 year period from January 15, 1958 through January 14, 1960, and then continued in occupancy as a statutory tenant.
By order issued March 15, 1961, the Local Bent Administrator granted the landlord’s application for an order of decontrol. On July 7, 1961, such order was vacated by the State Bent Administrator after a protest by the tenant. The order stated: “ There is no provision in the Bent Law, or elsewhere, for the decontrol of housing accommodations on the grounds stated in the Local Bent Administrator’s order ’ ’.
This action by the Bent Administrator had the effect of holding the space is under the housing rent control law and the order dated July 1,1960 which fixed the rent at $50.60 per month, effective, January 15, 1958, is still in full force and effect. The defendant landlord’s remedy was to review such ruling by an article 78 proceeding. It may not be attacked collaterally in this court (Matter of Sipal Realty Corp. v. William, 33 Misc 2d 409, revd. on other grounds 15 A D 2d 456). This court has no jurisdiction to determine whether 60% of the total rentable area and 60% of the total number of units formerly used as dwelling space were lawfully occupied as business space since 1949 as contended by the defendant. Such a finding is a necessary determination in connection with a proceeding to fix emergency rents under subdivisions (a) and (c) of section 2 of the Emergency Business Space Bent Control Law which provides such rent shall ‘ ‘ be fixed * * * by agreement, by arbitration, or by the supreme court ”. (Italics mine.) (Cf. Matter of 114 East 40th Corp. v. Armstrong, 14 Misc 2d 984.)
In view of the foregoing, the plaintiff is entitled to recover the difference between the maximum rent of $50.60 and the rent actually paid for the period in suit, with interest from the respective dates of payment.
This amounts to $257.40, with interest on $29.40 from September 1,1959 and on the same amount from the first day of October, November and December, 1959 and January 1,1960. Also interest on the sum of $18.40 from the first day of February, March, April, May, June and July, 1960.
The plaintiff requests treble damages. Such request rests in the discretion of the court, and under these circumstances, where a legal issue is involved, treble damages will not be awarded. However, the request for attorney’s fees is granted. "While the attorney cannot be fully compensated for all of the services rendered because of the amount involved, he is awarded $150, and judgment may be entered as hereinabove indicated.
In view of plaintiff’s recovery, the counterclaim becomes academic. The counterclaim is dismissed.