Abraham J. Multer, J.
This is an application by the landlord made pursuant to article 78 of the CPLR for an order annulling the respondent’s determination which denied the owner’s protest and affirmed the order of the District Rent Director who reduced the maximum rents of the apartments in the subject 38-family multiple dwelling for failing to maintain essential services as mandated by the Rent, Eviction and Rehabilitation Regulations (§ 34.2).
The respondent’s cross motion to remit was denied by the court following oral argument by counsel for the respective parties.
Petitioner has been the owner of these premises since September, 1936, and contends that it has restored the services and complied with the Rent Administrator’s request to repair and correct the various items specified in the respondent’s notice. However, it appears that petitioner’s main thrust is as to the “bell and buzzer ” system, which it claims that in 32 years of ownership, no such system was in operation and that no tenant presently in the building was given such service.
The issue here requiring the court’s resolution is whether the Rent Administrator’s determination in affirming the order below which reduced the maximum rents because of decreased services, was proper. Thus, review is limited to establishing whether the challenged determination was “ ‘ in accordance with law * * * arbitrary or capricious ’ (Administrative Code of City of New York, § Y51-5.0, subd. g, par. [6]; § Y51-9.0, subd. b; see CPLR 7803, subd. 3; Matter of Fink v. Cole, 1 N Y 2d 48, 52-53 ” (Matter of Colton v. Berman, 21 N Y 2d 322, 329).
As here pertinent the following sections of the Rent Regulations concern us:
“ Section 22. Services included in the maximum rent. Every landlord shall furnish with housing accommodations, the same dwelling space and the same essential services, * * * as were furnished, or required to he furnished, on April 30,1962 or any subsequent date determining the maximum rent. ” (Italics supplied.)
# # #
“ Section 34.2 Rent decrease for reduction of services, etc. (a) The Administrator may order a decrease of the maximum rent otherwise allowable where there has been a substantial deterioration of the housing accommodations because of the failure of the landlord to properly maintain the same, or there has been a decrease in the * * * essential services, * * * required under Section 22 of these Regulations. * * * The maximum rent for the housing accommodations shall be *871 decreased by that amount which the Administrator finds to be the reduction in the rental value of the housing accommodations because of the substantial deterioration or decrease in * * * essential services, * * *. The Administrator may, however, take into consideration all factors bearing on the equities involved. ”
# # #
“ Section 35. Decrease of services. * * *. a. Until the accommodations become vacant, the landlord shall maintain the same * * * essential services * * * as are required under Section 22 of the Regulations, unless and until he has filed an application to decrease the * * * essential services * * * and an order permitting such decrease has been entered thereon by the Administrator. ’ ’
The submitted papers show that the challenged determination was made by respondent who reviewed and considered de novo all the evidence in the record which included reports of three physical inspections made by the Rent Administrator ’s inspector on June 15, August 25 and September 29, 1967. In opposition the Rent Administrator inter alia strongly objects to the court’s consideration of the exhibits annexed to the petition, contending that such “ new matter” not having been presented or offered “ to the Commissioner of the Department of Rent and Housing Maintenance as a prerequisite to presentation to the Court as required by Section Y51-9.0a(2) of the New York City Administrative Code and, in any event, the additional matter consists of hearsay, unsworn statements without probative value, and matter not incorporated in the petition and moving papers so as to be properly before the Court ” it therefore should not be entertained by the court. Respondent’s claim has merit. Since the cited statute may not be ignored, the court may not consider such “ new matter ” for to do otherwise, ‘ ‘ the court would not be acting in review, but would be acting de novo.” (Fragomeni v. Wilson, 280 App. Div. 1023, 1024; La Russo v. McGoldrick, 283 App. Div. 720; Di Pietro v. Gabel, N. Y. L. J., June 14, 1965, p. 18, col. 4.) The court’s review is thus limited to the respondent’s record and determination submitted to it.
On examining these papers the court finds that petitioner’s major objection is as to the Administrator’s claim that the bell-buzzer system which is not now, nor ever was during its ownership since 1936 a “ service ” to the tenants. Petitioner’s contention finds support in the record now before the court. Respondent fails in any way to disprove or controvert the owner’s claim which until overcome by proof, must be sustained. *872 Briefly such claim is that the apartments and services are the same as that provided on June 30,1947. Unless the Bent Administrator can affirmatively show that the owner’s claim is without substance the court finds that “ the Federal Rent Regulations require every landlord to provide with the housing accommodations which he rents, as a minimum, the same living space, services * * * and equipment as he was required to provide by the Federal Rent Regulations on March 31, 1948. ” (Fried-lander and Curreri, “ Rent Control ”, § 44.0, pp. 178-179. See, also, § 44.0 subds. [a] and [b], p. 182.)
The “ question of what constitutes an essential service is a factual one to be determined by the Rent Administrator ’ ’ (Matter of Atlas Realty Corp. v. Abrams, 3 A D 2d 842; Matter of Stratford Leasing Corp. v. Gabel, 17 A D 2d 332, 333). Similarly, the question of what services were provided to the tenant prior to April 30, 1962 or any subsequent date determining the maximum rent, is one of fact requiring the respondent’s determination (Rent, Eviction and Rehabilitation Regulations, §§ 34.2 and 22).
Upon this record the court finds petitioner has failed to show that the essential services sans bell-buzzer, have been restored and are being maintained. By reason of such failure or refusal to make the necessary repairs and corrections, notice of which it received from the Rent Administrator, the petitioner may not now be heard to complain. Nor is the owner estopped or foreclosed from seeking restoration of the rents to its maximum. The court observes that the owner may apply for restoration of maximum rents when repairs have been made and/or services have been restored. However, the record definitively shows that the Rent Administrator’s determination as to the bell-buzzer system is without warrant and for which there is no basis. Petitioner’s claim has not been controverted that such system was never in operation since the petitioner’s ownership from the period 1936 until the present. Further, the record shows that the landlord heretofore made this fact known to the respondent as the following excerpt discloses: “I made known to him [resp’s. official] that this building in the last thirty years did not have a bell and buzzer system and that since the tenants rented the apartments without the bell and buzzer system, the landlord was not required to put one in. 1 was informed that my yosition was tenable and correct and the matter was droyyed.” (Emphasis supplied.) In further support of petitioner’s posture, the court notes in the respondent’s return that on the subject of the bell and buzzer requirement, that in reply to the landlord’s letter of October 12, 1967 the *873 District Bent Director’s response dated October 27, 1967, as here pertinent, contained the following: ‘ ‘ With respect to your item ‘ 2 ’ ‘ bell-buzzer, ’ we are still exploring this. You will hear from us as soon as we have had an opportunity to recall a prior case from our warehouse. ” The record is devoid of any further reference or comment from the Bent Commission on this subject.
The court also finds that the Bent Administrator’s interest in a bell and buzzer system installation in controlled housing did not crystalize until the issuance of his Operational Bulletin No. C-15, issued February 11, 1963, on which date monthly rental values for such “ service ” was promulgated. The tenants’ acquiscenee for many years and the acceptance of the nonfunctioning subject system indicates there was no deprivation of an essential service and this factor is entitled to consideration in adjusting maximum rents (Matter of Kerbs v. Weaver, 15 Misc 2d 99, affd. 7 A D 2d 839, affd. 6 N Y 2d 781). Nor shall an owner of a building be compelled to add a “ service ” where there has been no contractual landlord-tenant obligation or statutory mandate to provide the same (Friedlander and Curreri, p. 181, supra). Clearly there is no showing that any tenant presently in the structure ever had the use of a bell-buzzer system, therefore no occupant in the premises may be heard to claim deprivation of a service that did not exist when they entered into possession of their respective housing accommodations. The record also shows that petitioner’s building is no better or worse than other similar structures in the neighborhood. In confirmation of such fact it is noted that the “ Subject Building is in a Equal (/) condition than other buildings in the immediate vicinity. ” [sic]. Also culled from the record is the fact that of 38 tenants in this multiple dwelling, but 8 filed written answers containing complaints and but 6 mentioned failure to provide a ‘ ‘ bell-buzzer ’ ’. The court has examined the Matter of Racoosin v. Gabel case (N. Y. L. J., April 1, 1965, p. 17, col. 1, affd. 25 A D 2d 436, mot. for lv. to app. den. 17 N Y 2d 425) and finds it inapplicable. There, the Administrator after two hearings found as a fact that a bell and buzzer system were essential services furnished by the landlord as of March 1, 1943. Here no such finding appears to have been made.
Albeit the respondent’s motion to remit was denied, supra, the court upon receiving petitioner’s supplemental affidavit and having considered all the submitted papers, remits this matter to the Bent Administrator for a redetermination and restoration of such amounts of the maximum rents which were reduced by its finding that the bell-buzzer system was an essential service of which the tenants were deprived.