THE PEOPLE OF THE STATE OF NEW YORK ex rel. OFFICE OF RENT ADMINISTRATION, DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, v. LAMAY BAKING CORP., Respondent, et al., Defendant.—

No opinion. Latham, Kleinfeld and Benjamin, JJ., concur; Munder, Acting P. J., and Martuscello, J., dissent and vote to reverse the judgment and to grant judgment to plaintiff against defendant LaMay Baking Corp. for $3,408, representing the actual rent overcharge on the apartments for the two years immediately prior to the issuance of the Rent Commission's order, with the following memorandum: The controlling statutes in this area are subdivision 6 of section 11 of the State Emergency Housing Rent Control Law and section 36 of the State Rent and Eviction Regulations. The Appellate Term of the Second Judicial Department, in *Anderson v. Allsop* (13 Misc 2d 618), held that said subdivision 6 of section 11 authorizes the maintenance of an action to recover rent paid in excess of the maximum rent where the Rent Commission has issued an order directing refund of the overpayments. Such an order can be retroactive. Despite the renovation of the apartments and the addition of one room to one of them, the contention that these two apartment units should be considered new housing accommodations is untenable. The apartments are still substantially the same as they were prior to renovation, although provided with better equipment. The order of the Rent Commission takes into account the improvements in both apartments. We feel, in our discretion, as provided for in said subdivision 6 of section 11, that treble damages should not be assessed on the facts in this case. Respondent's violation was neither willful nor the result of failure to take practical precautions against the occurrence of the violation. The stipulated facts reveal that no rents were collected from the tenants after the orders were issued fixing the rentals. The Department of Welfare inspected the apartments prior to occupancy by the tenants and was aware of the rentals to be charged. Respondent maintains that the reason it did not refund the overcharges was that it claimed the orders were illegal as to their retroactive effect. It is our opinion that there was a legal issue involved (see *Bishop* v. *339 Lexington Ave. Corp.*, 40 Misc 2d 769, affd. 43 Misc 2d 692).