■ In the Matter of EDWARD UBL, Appellant, v JOSEPH B. GOLDMAN, as Acting Commissioner of the New York State Division of Housing and Community Renewal Office of Rent Administration, et al., Respondents. EMERY S. BAHOR, Respondent, v EDWARD UBL, Appellant. — (1) In a holdover summary proceeding to recover possession of certain real property, Edward Ubl appeals from a judgment of the City Court, City of Mount Vernon (Eisenberg, J.), dated April 13, 1981, which granted partial summary judgment to the petitioner landlord and awarded him the principal sum of $6077.75, representing the value of Ubl's use and occupancy of the premises, and (2) in a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal settling the rent to be paid by Ubl and directing his landlord to refund certain rent previously collected, Ubl appeals from a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered June 4, 1981, which dismissed the proceeding. The appeal from the judgment dated April 13, 1981 was transferred to this court. Judgment dated April 13, 1981, modified, on the law, by reducing the principal amount of the judgment to $5,817.55. As so modified, judgment affirmed, without costs or disbursements. Judgment entered June 4, 1981, affirmed, without costs or disbursements. The apartment in question is part of a three-family house purchased by the landlord in 1963. At that time the registered maximum rent for the apartment was $91 per month. In November, 1968 the landlord entered into an oral rental agreement with Edward Ubl at a monthly rental of $140. The landlord never applied, pursuant to section 33 of the State Rent and Eviction Regulations of the Division of Housing and Community Renewal, to

increase the maximum rent for the apartment. The landlord made extensive improvements on the building over the succeeding years. During the same period, periodically, the landlord and the tenant agreed on rent increases, the final agreement being in November, 1977, at which 'time the rent was increased to $280 per month. In or about September, 1978 the landlord gave the tenant a 30-day notice to quit the apartment. In October, 1978 the tenant filed a complaint with the Local Rent Office (LRO) of the New York State Division of Housing and Community Renewal (Division). In November, 1978 the landlord commenced a holdover proceeding in the City Court of Mount Vernon. On its own initiative the Division instituted a proceeding under section 36 of the State Rent and Eviction Regulations, to determine the maximum rent allowable as of November, 1968. The LRO set the maximum rental for November, 1968 at $104.65 per month, representing a 15% increase over the original figure of $91. Further maxima were set for the succeeding years, corresponding to improvements in the property and percentage increases authorized by Division bulletins. The final maximum set was for $241.43 per month commencing December, 1977, which included $30 per month for two parking spaces. The decision of the LRO was contested to the Division. The Division modified the LRO's decision by reducing the final figure of $241.43 to $234.93. It otherwise affirmed the decision on the basis of subdivision (a) of section 36 of the State Rent and Eviction Regulations and the discretionary powers granted it by the Legislature. The Division's order is dated December 23, 1980. Besides complaining to the Division, the tenant raised several counterclaims in the holdover proceeding commenced by his landlord in City Court. These counterclaims were premised on the alleged violation by the landlord of the rent control regulations (see State Residential Rent Law, § 11, subd 7; L 1946, ch 274). The City Court action was held in abeyance pending the Division's determination. When the Division did make its determination, the landlord moved for partial summary judgment in the holdover proceeding, requesting a money judgment for the use and occupancy of the apartment pending trial. The tenant had not paid rent since the proceeding was initiated in November of 1978. The City Court granted partial summary judgment in the sum of $6,077.75. This figure was arrived at utilizing the maximum set by the LRO of $241.43 per month less an overcharge to the tenant of $923.72. The tenant appeals from the judgment of the Mount Vernon City Court, as well as the judgment of Special Term which confirmed the Division's determination. Special Term found that the landlord, an immigrant to this country, was not aware of the rent control status of the apartment. It held that the Division's order was proper under the broad discretion given the Division by its enabling statute (State Residential Rent Law, § 4), and also under subdivision (a) of section 36 of the State Rent and Eviction Regulations. We are of the view that the Division's order was proper as issued within the discretionary power of the Division. Subdivision (a) of section 36 applies to situations where the maximum rent or "other facts" material to a determination of maximum rent are in doubt or not known (*Matter of Epstein v Herman* 19 AD2d 74, 76). Such "other facts" include instances where major improvements have been made to the property but the registered maximum rental does not reflect these improvements (*Matter of La Russo v McGoldrick,* 283 App Div 720). "Other facts" do not include standard percentage increases allowable by the Division (*Matter of Epstein v Herman, supra*). On the findings made with respect to the facts in doubt, a determination is made of the maximum allowable rent as of May 1, 1950, or the date of first renting, whichever is later. By its own terms section 36 does not apply to this case. The date of first renting was in November, 1968. The Division set the maximum rent allowable on that date at $104.65,

predicated on a standard 15% increase, and not on a fact in doubt or in dispute. There was no section 36 dispute referable to this increase, and therefore the Division's order is not authorized under section 36. (*Matter of Epstein v Herman, supra.*) Certain of the maxima set for dates after November, 1968, were determined on the basis of improvements. However, section 36 only authorizes the establishment of a maximum as of May 1, 1950, or the date of first renting. It does not authorize the establishment of a maximum rent for later dates. There is, in fact, no provision in either the State Residential Rent Law or in the State Rent and Eviction Regulations which explicitly applies to the facts of this case. The Division is not, however, thereby precluded from issuing the order in question. The Division has been given broad discretionary powers by the Legislature. It may issue "such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of this act", provided that such rules, regulations and orders are "designed to maintain a system of rent controls at levels which * * * are generally fair and equitable" (State Residential Rent Law, § 4, subd 4, par [a]; subd 6). While it may be preferable that the Division fulfill its discretionary function by promulgating quasi-legislative regulations (cf. *Matter of 89 Christopher v Joy,* 35 NY2d 213, 218), there is no rigid requirement to this effect. "[T]he choice made between proceeding by general rule or by individual, *ad hoc* litigation is one that lies primarily in the informed discretion of the administrative agency" (*Securities & Exch. Comm. v Chenery Corp.,* 332 US 194, 203; see *National Labor Relations Bd. v Bell Aerospace Co.,* 416 US 267, 290-295). This is not to say that there cannot be instances where the agency may abuse its discretion. Nothing in this case, however, suggests an abuse. The Division has essentially determined that where a landlord is innocently unaware of the rent control status of his property and his tenant enters into an agreement establishing a rent higher than the registered maximum, the Division has the authority to reappraise the maximum for the period in question. This is a fair and equitable result, and indeed "effectuates the purpose of this act" (see State Residential Rent Law, § 1, subd 1). *Matter of Epstein v Herman* (19 AD2d 74, *supra*) is not to the contrary. In that case the landlord was fully aware of the property's rent control status. It would have been contrary to the purpose of the act to reappraise the maximum rent when, knowing the property was subject to rent control, the landlord neglected for years to apply for an increase or a re-evaluation (cf. State Residential Rent Law, § 11, subd 2). The effect of the Division's determination is not, as appellant claims, a retroactive rent increase in violation of the State Residential Rent Law (§ 4, subd 6). Rather, it is a determination of a previously unestablished fact: what would the maxima have been if the landlord had properly applied for rent increases (cf. *Matter of Austreal Corp. v McGoldrick,* 305 NY 848). The Division has not ordered the tenant to pay anything for dates prior to the date of the issuance of its order or even for subsequent periods. The rental agreement, past payments pursuant to that agreement, and value for the use and occupancy of the premises, are the bases for the claims between the tenant and the landlord (see *Thompson Props. v Di Biase,* 57 Misc 2d 1085). The maxima set by the Division simply determines the limits of those claims. Following the Division's determination, the Mount Vernon City Court quite properly granted the landlord partial summary judgment for the tenant's use and occupancy for the period the action was pending. The City Court erred, however, by applying the figure of $241.43 per month. That figure had been reduced by the Division to $234.93. We modify the judgment of the City Court, accordingly. Gulotta, J. P., Thompson, Brown and Niehoff, JJ., concur.