■ In the Matter of EMMA SANTO, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [707 NYS2d 194] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated May 15, 1998, which, *inter alia,* established the subject apartment's maximum rent as of November 1, 1983, in the sum of $375, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Queens County (Schmidt, J.), entered March 16, 1999, which granted the petition, annulled the determination dated May 15, 1998, and remitted the matter to the New York State Division of Housing and Community Renewal to recompute the present-day maximum rent, including all permissible increases, based upon a base rent of $60 as of May 1, 1950.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter DHCR) had a rational basis in the record (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222) and was not arbitrary or capricious (*see, Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd.*, 65 NY2d 898).

In *Matter of Ubl v Goldman* (87 AD2d 823, 825), this Court recognized that DHCR has broad discretion to issue orders to maintain a system of rent controls which " 'are generally fair. and equitable' ". Under similar factual circumstances, it was determined that DHCR did not abuse its discretion "[w]here a landlord is innocently unaware of the rent control status of his property and his tenant enters into an agreement establishing a rent higher than the registered maximum, the [DHCR] has the authority to reappraise the maximum for the period in question. This is a fair and equitable result, and indeed 'effectuates the purpose of this act' " (*Matter of Ubl v Goldman, supra*, at 825; quoting former State Residential Rent Law § 1 [1]).

Here, Emma Santo rented an apartment in the subject premises from her father, Harry Russell, in about 1946. Over the succeeding years, Santo and her father negotiated mutually-satisfactory rent increases without regard to the statutes regulating such premises. In 1985 Santo's father added his wife Raye Russell to the deed and he subsequently died in 1986. Mrs. Russell subsequently sold the property to the current owner, Vincent Gianelli.

This Court cannot ignore the more than three decades of activity which occurred outside the governing statutes. It is clear that neither Santo nor her father knew that the premises were subject to rent control. In fact, it wasn't until after these proceedings were commenced in 1985 that it was established that the premises were subject to regulation (*see, Matter of Gianelli v Higgins*, 212 AD2d 708). Moreover, in Santo's petition for Administrative Review she initially argued that a fair rent would be $347.53, an amount which is comparable to the rent established by the determination under review. Accordingly, under the circumstances, the Supreme Court erred in annulling the determination of DHCR. Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.