■ In the Matter of NINO VENDOME, Appellant, v JOSEPH B. LYNCH et al., Respondents. [741 NYS2d 695] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 26, 2001, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's determination finding that the subject apartment is subject to rent control, setting the maximum rent at $75 per month effective as of the date the tenant first took occupancy, and directing petitioner to refund to the tenant all rent collected in excess of the maximum rent, and dismissed the petition, unanimously modified, on the law, to vacate so much of the determination as sets the present-day rent at $75 per month and directs a refund of all overcharges going back to the initial date of occupancy, and to remand to respondent for new determinations of the present-day rent and of the amount to be refunded for overcharges, and otherwise affirmed, without costs.

The finding that the subject apartment, first rented to the tenant in 1966, was residentially used on February 1, 1947, and, absent a decontrol order, is therefore subject to rent control regardless of any post-1947 commercial use (9 NYCRR 2200.2 [f] [9]; see, Matter of Sipal Realty Corp. [Dankers], 8 AD2d 355, mod on other grounds 8 NY2d 319), was rationally based on public records showing that the building was converted to residential use in 1895 and the absence of any other public records relating to the subject apartment between that date and the present. However, the refund for overcharges could only be calculated using the 1986 commencement date of the proceeding in accordance with 9 NYCRR 2202.22 (b) (6), not the 1966 date of initial occupancy. Accordingly, we remand for a recalculation of the refund. In addition, there are issues of fairness and equity that require further explanation in setting an appropriate present-day rent for this full floor loft (see, Matter of Santo v New York State Div. of Hous. & Community Renewal, 272 AD2d 334). Therefore, we remand for that purpose as well. Concur—Williams, P.J., Tom, Mazzarelli, Ellerin and Marlow, JJ.